the following opinion of this court was delivered by
Judge Roane.
In the case of Cutchin v. Wilkinson, Willis Wilkinson having died intestate, leaving a widow and three children, and these children having also died, infants and intestate, in the lifetime of their mother, that mother administered upon the estate of her husband, and died leaving a will, in which she appointed executors. On her death, a contest arose, for the administration de bonis non of his estate, between the brother of Willis Wilkinson, and the brother of his widow. To this contest her executors were no parties. In that case, although is was objected that the estate of Willis Wilkinson had not vested absolutely in the widow, but had only vested in her as administratrix of the husband for the payment of his debts, the objection was overruled by this court ; the property was considered as her’s, subject, however, to the debts of her husband; and it was consequently held, that his brother, being in no event entitled to the property, was not entitled to the administration. The court, (not deciding the ease as between Cut chin, the brother of the widow, and her executors, but considering the case as if there had been no such executors,) granted the administration to Cutchin : they granted it expressly upon the principle, that the person entitled to the estate was entitled to the administration also.
That case, admitting the husband in the case before us to be as much entitled to the estate of his wife, as Mrs. Wilkinson was to that of her husband, is a direct authority against the pretensions of Mrs. Colgin, considered in her character of next of kin to her mother. But there is another character, which (for any thing appearing in this record,) she may possibly occupy; and that is as a distributee of the husband, under the last sentence of the 14th section of the act of descents ; and the only question, now open for *234 the consideration of the court, is, whether the administra tion de bonis non of the wife, her mother, is to be granted to her in this last mentioned character, or to the appellant, the executor of the husband, who survived her, and administered on her estate? a question not decided in the case of Cutchin v. Wilkinson.
The principles of that case, however, go the full length of deciding the present controversy. If, in that case, the pretensions of Mr. Wilkinson, the brother of Willis Wilkinson, were reprobated, on the ground that he was not entitled to distribution of the estate in controversy, that principle equally excludes Mrs. Colgin, considered in the character of a representative of Mr. Drinkard, if the interests in question were vested in him, and have passed from her by his will. In that event, she can by no possibility be entitled to distribution of the estate in question, nor, consequently, have any ground of claim to the administration of it. In that case, she ceases to be a person designated by the act. She is neither entitled to the distribution of it considered as her mother’s property, nor as his : not the former, for it vested in the husband by the marriage ; nor of the latter, because she is excluded therefrom by the will. The case of Cutchin v. Wilkinson decided, as aforesaid, that the unadministered property of Willis Wilkinson had passed to the wife, and became her property, subject, however, to the payment of her husband’s debts. This is emphatically the case of Mr. Drinkard’s property, in the case before us. That property vested in her husband, by the marriage, and, as he survived her, even her. choses in acHon, not reduced into possession in her lifetime, became his property, liven those interests which form the proper object of the administration de bonis non of the wife, are distributable to his next of kin, and not to her’s, and pass by his will. The cases of Squib v. Wyn, 1 P. Wms. 378, and Cart v. Rees, (ibid, 381.,) (a) among others, are full up to this point. These interests are then, equally with his own proper goods, a part of the husband’s estate, subject, however, to pay the debts of the wife; to settle and pay, which creates the only-necessity for an administration de bonis *235 'non of her estate. Being his property, the claim of his wife’s representatives to the administration, as such, is cut up by the decision in Cutchin v. Wilkinson ; and being bequeathed away by the will, that of his representatives is also done away, as that depends on their right to distribution, which no longer exists. These parties being set aside, and there being no residuary legatee before the court, the executor is left without a competitor, for the administration in question.
On general principles it may be asked, why his executor should riot manage this, as well as the other, parts of his estate ? He is deputed by the testator to administer his personal estate, this part also included : the whole of that estate passes to him by his nomination as executor, and he formerly was entitled to the residuum; (a) as he, probably, still is in England. He still acts for the benefit of those entitled under the will; and they may,in some sense, be said to administer through him. It is only because the wife must continue to be represented for the purpose of paying and recovering her debts, and because the husband is not competent to devolve on others that representative character which inhered in him, that the concurrence of the ordinary is necessary: it is only because his executor, as such, is not competent to be that representative. Hence alone arises the necessity of the appointment of an administrator de bonis non of the wife. The husband, however, is entitled to her estate, subject as aforesaid, and to administer it in exclusion of all others ; and both these rights are transmissible by him. The latter follows as an appendage to the former : it follows it, as the shadow does the substance. To say nothing, at this moment, of the right of the executor to the administration, the admitted right of the residuary legatee, to be the administrator in preference to the next of kin, (b) proves that it is transmissible : for such residuary legatee is constituted by the act of the husband, and the admitted right aforesaid is transmitted by him. If such residuary legatee intercepts the right of the next of kin in England, which next of kin, nevertheless, always preserves that character, much more will he destroy the right of “ those entitled to distribution,” as provid *236 ed for by our act. Such last mentioned persons are in fact annihilated by the mere constitution of the residuary legatee. There are, thereafter, no persons remaining in esse, who can contend with the residuary legatee under our act, as the next of kin might be supposed to do in England. The contest is therefore narrowed, in this country at least, (however it may be in that country,) where there is a will and a residuary legatee, to be one between that legatee and the executor. It is so narrowed, because where there is such legatee, no person satisfies the description of the act, as being a person entitled to distribution.” As to those parties, they neither of them come under the description of the act which gives the right of administration : they are neither of them (properly speaking,) persons “ entitled to distribution” of the husband’s estate; and yet one of them at least (the residuary legatee,) is to be preferred, under the English cases themselves, to those who, but for the will, would have succeeded to the distribution. This proves that the provisions of the statute do not apply to cases in which a will has been made, and an executor or residuary legatee appointed. They do not apply ; because none then exist entitled to the distribution of the intestate’s estate. But why should the claim of the residuary legatee, if he were even bottomed upon the act, be preferred to that of the executor? Why should the executor, who is entrusted to manage every other part of the testator’s estate, be excluded from the management of this ? Why should not this right of administration be also deemed to be transmitted to him by the testator ? Why should not the circuity be avoided o-f having the residuary legatee to administer, who thereby becomes a trustee for the executor, who is himself a trustee for that residuary legatee ?
The force of this reasoning, in favour of the claim of the' executor, is strengthened by there being, in fact, no cases of .contests between him and the residuary legatee. None such have been produced, although the case must have often occurred.
While there are no such contests between the parties last mentioned, neither are there any between those who, but *237 for the will, would have been entitled to distribution, and the executor of that will. The only contests to be found in the books are between those representing the wife, and those representing the husband; or the executors of either as standing in their places; or between two persons of either class, as the case may be. If such be the fact, the decision in Cutchin v. Wilkinson, which reprobates the pretensions of the former, leaves the latter, and their executors as representing them, without a competitor. There is no case, where the claim of a party claiming to be next of kin to a testator, has been preferred to that of his executor, in which his right has been affirmed, in derogation of that of the executor. Even in the cases, in England, in which the administration may have been granted to the next of kin to the wife, while the interest goes to the representatives of the husband, there was no insuperable bar to such grant. That grant was, in terms, authorized by the English act of distributions, which respects the “ next of kin" as giving the right, — but is reprobated by our act, which requires the person claiming the administration to be entitled to the estate. In 2 Bla. Com. 504, it is said, that the ordinary is to grant administration of the wife’s goods to the husband, or his representatives j by which, where there is a will, the court understands, “ his executors.” So, in the case of Bourchier v. Taylor, (a) cited on the part of the appellant, the contest was between the executors of one of the next of kin to the intestate, and another; — and the latter prevailed over the former, on the ground only that the pedigree of their testator was not sufficiently made out. Had that proof been supplied, the executors, would have got the administration, as standing in the place of their testator. There was no objection to the claim of the unsuccessful party, that they were the executors, only, of the party entitled.
Upon the whole, as the appellees are cut out of their right, as representing the wife, by the decision in the case of Cutchin v. Wilkinson, and can in no possible event be entitled to distribution of the husband’s estate, there being a will, which, also, is not shewn to be in their favour; as it is *238 net even shewn that there is any residuary legatee of this estate who might, (though ineffectually,) have contended ’With the executor, for this administration; as both the interests in question, and the right of administration, vested tjie husband, were transmissible by him, and were, in fact, transmitted to the executor, by the operation of law, in respect of his nomination as such; — -as there is no person coming within the provision of any statute, or who has a better right than he to the 'administration; — as he is, in fact, the agent for those entitled under the will, who, in effect, administer the estate through him; — and as an unnecessary and inconvenient circuity will be avoided by constituting him the administrator de bonis non of the wife; — the court is of opinion that both judgments be reversed, and the administration be granted to the appellant, the executor of W. JDrinkard.

 See also Elliott v. Collier, 3 Atk. 52 7; and 1 Bac, abr. 480.

 Shelton v Shelton, 1 Wash. 53, 69,

 3 Baf. 19. 11\ Wms. 38?

 Hargrave'.law tracts, 472.