The Executors of R. T. LIVINGSTON against HENRY LIVING-
STON and others.  ·

If a bill for discovery and relief be good as to the discovery, a general
demurrer to the whole bill is bad.

If relief, as well as discovery, be founded on the fact of a lost deed, there
must be an affidavit of the loss.

Where, on a perpetual lease, reserving an annual rent, no rent had
been demanded for *forty-four* years from the date of the lease, on.
bill for a discovery, on the ground of a loss of the counterpart of the
.deed, it was *held*, that the lapse of time was sufficient evidence that
the rent had been extinguished by some act or deed of the party en-
titled to it.

*January 14th.*    THE bill, filed *October* 29th, 1817, stated, that *Robert Li-
vingston*, jun. proprietor of the manor of *L.*, by a deed dated
the 10th of *September*, 1773, conveyed a tract of land in the
manor, containing about 500 acres, to his son, *Henry Living--
ston*, in fee, reserving an annual rent of seven pounds ten
shillings, for ever.    That by devise, &c. *R. T. Livingston*
became seised of the rents of the said premises, and devised
the same to the children of *Mary Crofts*, (except *R. T. C.*)
and died in 1814.    That the children are all infants, and
the plaintiffs are executors and trustees, &c.    That the said
deed is in the possession of the defendant *H. L.*, and the
counterpart thereof has not come to the knowledge or pos-
session of the plaintiffs.    That the premises are in possession
of the other four defendants, who claim to hold as tenants
under the defendant *H. L.*    That no rent has been paid by
either of the defendants, since the date of the lease, either to
the grantor, or to any person, since his death, &c.    *Prayer*,
that the defendants may discover whether *R. L.* did not con-
vey the premises, as stated, to the defendant *H. L.*, with the
reservation of the annual rent mentioned; whether the four

other defendants are not in possession of the land; and whether the rent is not charged thereon, and the plaintiffs entitled to the same: and that the defendants might set forth their titles to the land in their possession, respectively, &c. That the defendant *H. L.* might set forth an account of payments by him, and of the arrears of rent due, &c. And that the plaintiffs may have such other and further relief as the case may require.

*Demurrer* by the defendant *H. L.*, because, the bill contains no matter of equity sufficient to afford any ground for a decree against him; because, the children of *Mary C.* are not parties to the bill; because, the rent claimed, if due, is recoverable at law, and whether due or not, is triable at law; and because, the lapse of time, since 1773, forms an equitable, as well as a legal bar, to the claims set up by the plaintiffs.

The other defendants answered, and stated, that they occupied distinct parts of the premises, by leases under the defendant *H L.*, and had paid him the rent charged by him. That they never had been called on by any other person for rents. That the rent of 7*l*. 10*s*. nor any other rent reserved by the grantor, had ever been demanded of them; and that they claimed no title to the premises, except as tenants under *H. L.*, and that they had no title deeds to set forth, &c. .

*Van Buren*, for the plaintiffs.

*E. Williams*, for the defendants.

THE CHANCELLOR. The prayer of the bill is for discovery, and for relief consequent upon that discovery.

The bill states, that *Robert Livingston*, jun., proprietor of the *manor of Livingston*, conveyed about 500 acres of land in the manor, to the defendant *Henry Livingston*, by deed, on the 10th of *September*, 1773, and that he reserved an annual rent of 7*l*. 10*s*. to him and his heirs, which

the defendant covenanted to pay. The grantor died in 1790, after having devised the rent to his son, *Peter R. Livingston,* for life, and then to his grandson, *Robert T. Livingston. P. R. L.* died in 1794, and *R. T. L.* in 1814. The latter devised the rent to his children, but directed, by his will, that during their infancy, the rent should be received by the plaintiffs, his executors; and the bill avers, that the children are still minors.

The only fact alleged, as a reason for coming into this Court, is, that the plaintiffs are not in possession of the counterpart of the original deed, and have no knowledge of it. It is stated, that no rent has ever been paid since the date of the grant, but it is not alleged, that any has ever been demanded. The defendant, *H. L.,* demurs generally to the whole bill, and assigns, among other reasons, that the bill has no equity to entitle the plaintiffs to discovery or relief, and he relies upon time as a bar to the claim.

The rule with us, as settled in the Court of Appeals, (*Laight* v. *Morgan,* 1 *Johns. Ch. Cas.* 429.) is, that if a bill for discovery and relief be good for discovery, a general demurrer to the whole bill is bad. The *English* rule introduced by Lord *Thurlow,* is contrary to the ancient practice which we have followed. It is held, in *England,* that upon a bill for discovery and relief, if the plaintiff be not entitled to relief, he is not entitled to discovery, and a general demurrer to the whole bill will lie where the plaintiff, though entitled to the discovery, is not entitled to the relief. (17 *Ves.* 216. 2 *Ves. & Beam.* 238. 1 *Swanston,* 299. 9 *Ves.* 75.) There may be something said on each side of this point of practice, but we must follow the ancient rule as adopted here; and we have no reason to be ashamed of the old rule, when we have such a sanction to it as the opinion of Lord Ch. B. *Comyns,* (*Com. Rep.* 667, 668.) that " it would be unreasonable to refuse the aid a party is in conscience entitled to, because he asks something

more." The question then is, whether the plaintiffs, upon their bill, be entitled to discovery?

If relief be sought, as well as discovery, founded upon the fact of a lost deed, an affidavit of the loss ought to have been made. (*Laight* v. *Morgan*, 1 *Johns. Cas.* 479.)

In *Collet* v. *Jaques*, (1 *Cases in Chancery*, 120.) the bill was for arrears of rent, on the suggestion, that the deeds by which the rent was created were lost, and there was proof of the constant payment of it till the last twelve years. The Master of the Rolls decreed payment of the arrears and growing rent. But in *Palmer* v. *Whettenhal*, (1 *Cases in Chancery*, 184.) a different decree was made, under circumstances very analagous to the present case. The plaintiff, as heir to his brother, claimed a rent of seven pounds *per annum*, and it was averred to have been paid by the owner of the land until within thirty years, and that the land charged with the rent had passed through several persons, and came to the defendant, and the bill prayed, that the rent and arrears might be decreed to be paid. The defendant demurred, and alleged, that he, and those under whom he claimed, had enjoyed the land for thirty years, without any demand of rent, and that being so long unpaid, it was presumed to be extinguished. On debate, the demurrer was allowed by Sir *Orlando Bridgman*, the Lord Keeper. Again, in *Boteler* v. *Massey*, (*Rep. Temp. Finch*, 241.) the Court supported a claim for a dormant rent, on a bill founded on the loss of the *counterpart* of the deed, and so far the case resembles the one before me. But in that case the rent had been paid for many years, and until within twenty-three years of the time of pronouncing the decree.

The case of *Collins* v. *Goodall*, (2 *Vern.* 235.) is too brief to give much light on the subject. The bill was to be relieved touching a rent charged upon lands, and the defendant pleaded the statute of limitations, and that there had

1820.

LIVINGSTON
v.
LIVINGSTON.

been no demand or payment in forty years; and the Court merely say, that the case in *Coke*, on the statute of *Hen.* VIII. did not apply to rent commencing by grant. What became of the case, does not appear; the note of *Raithby* only says, that after demurrer the defendant had been ordered to answer, and *that the benefit of the demurrer was saved to the hearing.* The decree, in *Steward* v. *Bridger*, (2 *Vern.* 516. *note.*) contains a principle of much good sense, and strongly applicable. It declares, that an annual rent for certain copyhold lands, had been paid to the plaintiff as owner of the manor of *Dean*, for twenty-four years, and upwards; and that no demand had, in all that time, been made, of any annual rent out of the premises, payable to the manor of *Ipeing*, (though it was admitted the copyhold was held of the manor of *Ipeing*,) and that this was " a strong evidence of a severance of the said annual quit-rent from the said manor of *I.*, *by some grant or conveyance*," and the arrears were decreed to the plaintiff.

Upon the application of the doctrine contained in some of these decisions, to the present case, I am disposed to reject this bill. Here has been no rent paid or demanded, for forty-four years before the filing of the bill; and this case is to be distinguished from all the others, in this peculiar circumstance, that no rent has ever been paid or demanded from the beginning. The presumption is very strong of an extinguishment of the rent, *by some grant or conveyance.* The original grantor lived seventeen years after the execution of the deed, and no rent was demanded or paid. His son lived four years after his father's death, and the same silence was preserved; and his grandson, who was entitled to the rent, if any existed, lived twenty years after he became so entitled, and there was no demand or payment. At this late day, the representatives of the grandson call on this Court to help them to recover this rent, on the ground, that they can find no counterpart of the deed. The presumption is, that it has been surrendered or cancelled, and the rent extinguish-

ed by some act or deed of the party having a right to extinguish it. I think the decision of Sir *Orlando Bridgman*, is applicable and just. He allowed a demurrer to such a bill after thirty years, and here is a lapse of forty-four years, and an assumed claim floating unheeded through three generations. Lord *Hardwicke* observed, in *Benson v. Baldwyn*, (1 *Atk.* 598.) that Chancery interfered to help the payment of a sleeping rent, " upon the foundation only of payment of rent for a.long time, which bills are called bills founded upon the *solet.*"

The difference between this case and the one decided yesterday, is very material. Here is a demurrer to the whole bill, and the great lapse of time taken as one ground in support of it, whereas, in the other case, the defendant, by his answer, admitted the covenants to pay, and put his defence on counter claims. Here is, also, a lapse of forty four years, and there were only twenty or twenty-two years in the other case. Again, the claim here has passed through successive generations, and neither the grandfather, father, or son, as they were successively entitled, ever applied for rent, but in the other case the covenants to pay rent were with the plaintiffs' testator. There is no case that would warrant a denial of assistance, under the circumstances disclosed in the former case, but several that would require it; whereas here we have, at least, one case sufficiently in point, and none that have sustained a bill under such strong presumptions against it.

I shall, accordingly, decree that the bill, as to the defendant, *Henry Livingston*, be dismissed, without costs.

Decree accordingly.