TEMPLE *v.* GOVE *et al.*

A bill in equity to recover on a lost note, or other written instrument, is maintainable on the ground that complainant seeks to obtain a discovery from the respondent, as to the instrument lost or destroyed, and also relief consequent upon the discovery.

Such a bill is required to state, that without the desired discovery, the par-

Temple v. Gove et al.

ty has not sufficient evidence to maintain a suit at law, and should also state the loss or destruction of the instrument.

Where the instrument is not lost, or where the complainant has other sufficient evidence, to establish its contents, his proper remedy is at law.

*Appeal from the Winneshiek District Court.*

SATURDAY, JUNE 11.

IN EQUITY. Complainant seeks to recover upon a lost note, which he alleges was made to one Dobney, and indorsed. The giving of the note is admitted, but its transfer and loss are denied—the answer being under oath. The complainant recovered, and the respondents appeal.

*E. E. Cooley*, for the appellants.

I. There is no proof that payee transferred the note to plaintiff, by indorsement and delivery. The title to negotiable paper, payable to order, can be transferred only by indorsement and delivery. *Belcher* v. *Campbell*, 8 O. B., 1; *Bromage* v. *Lloyd*, 1 Exchequer, 32; *Clark* v. *Boyd*, 2 Ohio, 56; *Clark* v. *Sigourney*, 17 Conn., 511; 2 Am. Lead. Cases, 296–7, note; *Ellis* v. *Brown*, 6 Barb., 282; 4 Greene, 157; Code, sec. 947. The denial that a note has been indorsed, is equivalent to a denial of indorsement and delivery, *Marston* v. *Allen*, 9 M. & W., 404; 2 Am. Lead. Cases, 296 and 7, note. It does not appear that plaintiff ever had possession of the note. Averments by way of recital, are bad. Stephen's Pleading, 388½; 1 Iowa, 546; 3 Ib., 582.

II. The petition does not allege that the note, is not in the power or possession of the plaintiff. This is a jurisdictional defect. Story's Eq. Jur., sec. 88.

III. There is no proof of the loss of the note. Without this, plantiff does not show himself entitled to the aid of a court of equity. It must be established on the hearing, if not admitted in the answer. Story's Eq. Jur., sec-

88.   The allegation of loss is not admitted in the answer. The denial of knowledge, or information, concerning a fact, is a sufficient reason for not admitting or denying it.  Code, sec. 1742–3.

IV.   No sufficient bond of indemnity was tendered to defendants.   The defendants were severally liable on the note —the bond offered ran to them jointly.  .The sufficiency of the bond was put in issue—no proof upon that point was given.

WRIGHT, C. J.—There is no testimony, whatever to sustain this decree.   To go no further, we remark that one fatal defect consists in an entire want of proof as to the loss of the note.   There is no evidence in the case, except the deposition of Dobney, the payee of the note, who swears alone to the execution of the note and its transfer.

The ground upon which such a bill is maintainable is, that complainant seeks to obtain a discovery from respondent of an instrument, lost or destroyed, and also relief consequent upon the discovery.   The bill itself is required to state, that without the desired discovery, the party has not sufficient evidence to maintain a suit at law, and of course should state the loss or destruction.   If the instrument is not lost, or if the complainant has other sufficient evidence to establish its contents, his proper remedy is at law.   Story's Eq. Pl., secs. 304, 313, 713, 288 ; *Finley* v. *Hinde*, 1 Pet., 244; Milf. Ch. Pl., 124, 125 ; *Walmsley* v. *Child*, 1 Ves., 342 ; *Livingston* v. *Livingston*, 4 Johns. Ch., 294.

Decree reversed.