Manley v. Mickle.

GEORGIANA MANLEY et al., appellants,

*v.*

JOHN J. MICKLE, respondent.

1. Decree was sought to restrain a judgment creditor from executing his judgment on lands alleged to be held by the judgment debtor in trust for the complainants. The bill set up the acknowledgment of the trust by a deed given after the recovery of the judgment.—*Held*, that a cross-bill, seeking to have the trust deed declared void, might be maintained.

2. When there is submission to answer, there must be a full answer.

3. When a case is made for relief and discovery, discovery will be compelled, although answer without oath is prayed.

4. *Quære.* Is an order for a further answer appealable?

On appeal from an order for further answer and discovery advised by Vice-Chancellor Pitney, who delivered the following opinion :

The object of the bill is to establish a secret trust in real estate and thereby to divest the lien of a judgment against the holder of the legal title. The trust is alleged to result from the investment of trust moneys in lands by a deed which, through mis-

take and oversight, did not declare the trust.   The bill alleges the investment of the trust fund in the land, and that after the recovery of the judgment the mistake was attempted to be corrected by a conveyance in trust to one of the complainants, which recited all the facts out of which the trust resulted.

I think the bill is defective in not stating in detail the particulars of the sources of the trust moneys and their amounts, and that if defendant had seasonably moved the court for a more specific statement thereof an order would have been made, before answer, compelling complainants, under rule 213, to make a more specific statement in this behalf.   This, however, was not done.   Defendant answered, denying that any of the trust moneys were used to purchase the lands in question, and denying the existence of any trust fund, and then, by a cross-bill, called upon the complainant to specify the sources and amounts of such trust moneys, if any.

The cross-bill also attacks the late remedial conveyance made by the judgment debtor, and prays that it may be set aside, so that a sale may be made under his judgment to advantage, and a clear title assured to the purchaser.

The complainant answered the cross-bill without demurrer or objection to any of its charges so far mentioned, except to that calling on them to specify the particular sources and amounts of trust moneys.   To this they except by way of demurrer, and decline to answer, and the motion is to compel them to answer. The prayer of the cross-bill is for answer without oath.

Complainants resist the motion on the ground that defendant is not entitled to discovery in his cross-bill because it is not asked for under oath, and relies on *Johnson* v. *Butler, 4 Stew. Eq. 35.*

I think the cross-bill is maintainable as a defence to the complainant's bill.   It is necessary in order to have a complete adjudication of the rights of the parties, which it seems to me included, from defendant's standpoint, a decree declaring the trust deed void.   At any rate, if the complainants desired to test this question and take the ground they now take, they should have moved to strike out the cross-bill.   But having an-

Manley *v.* Mickle.

swered, they must answer in full, unless their objection to the particular interrogatories is well taken. The position was taken that under the case just cited (*Johnson* v. *Butler, supra*), a party is no longer entitled to discovery unless he asks it under oath. But this I cannot consent to. The well-settled practice is the other way. The decision in *Johnson* v. *Butler* went on the ground that the cross-bill was entirely unnecessary unless for the purpose of discovery, and that it was not necessary for that purpose because the defendant had the privilege of administering interrogatories to the complainant. Chancellor Runyon, who decided *Johnson* v. *Butler*, subsequently, in *Chester Iron Co.* v. *Beach, 13 Stew. Eq. 63*, held that the defendant in a cross-bill there was entitled to have full answer to interrogatories, though not asked under oath.

The defendant in his cross-bill prays general discovery of other property of the judgment debtor. This he is not entitled to, and the especial objection to answering that part of the bill is well taken, and it should be stricken out.

There will be no costs on this motion, because the defendant is in error in the matter last alluded to.

*Mr. James H. Van Cleef,* for the appellants.

*Mr. Halsted H. Wainright,* for the respondent.

The opinion of the court was delivered by

COLLINS, J.

We agree with the vice-chancellor that the cross-bill is maintainable as a bill for relief. The judgment creditor was entitled to seek a decree declaring the trust deed void. The complainants might dismiss their bill and the deed would stand of record a perpetual menace. The cross-bill was in the nature of a bill *quia timet.*

Even if this were not so, nevertheless the complainants having submitted to answer the cross-bill were bound to answer it fully. *Hogencamp* v. *Ackerman, 2 Stock. 267 ; Vreeland* v. *New Jersey Stone Co., 10 C. E. Gr. 140.*

But it is urged that discovery will not be compelled where answer without oath is prayed. Originally a complainant was required to pray for answer on oath and was bound by the answer if he could not overcome it by preponderant evidence. It was because a corporation could not make oath and answered only under its common seal that discovery by it had to be secured by the somewhat incongruous course of making its officers co-defendants. In special cases, the chancellor would permit a complainant to waive answer on oath, but would not ordinarily compel affirmative discovery where the defendant could not have the attendant advantages. The subject came to be regulated, in some jurisdictions, by standing rule of court, and in others by statute. Most states now have such statutes, and decisions on the subject, in those states, can only be understood when the statutes are read with them. There must always be borne in mind also the difference, often lost sight of, between bills for discovery only and bills for relief with incidental discovery. I have found no decision questioning the right of a complainant to require discovery in answer to a bill of the class last named, although prayed without oath, except the case of *Congdon* v. *Aylsworth, 16 R. I. 281.* This case inferentially is to that effect. The Rhode Island statute is peculiar; it enacts that whenever a complainant shall waive oath, the defendant's answer shall have the same effect as a plea to an action at law. *Gen. L. of 1896 p. 826.* A plea at law, of course, has no evidential force at all, even against the pleader.

In Massachusetts, the standing rule of court (now *Stat. L. of 1883 ch. 223 § 10*) excepts from the right to call for answer without oath, bills filed for discovery only, and therefore we are not surprised to find the supreme court of that state deciding that, because it prayed answer without oath, a bill ostensibly for relief as well as for discovery could not be upheld if no case for relief was presented. *Ward* v. *Peck, 114 Mass. 121; Badger* v. *McNamara, 123 Mass. 117.*

The exception of the statute was not apparent from the report of this last decision, and the supreme court of Rhode Island seems to cite the case as a general precedent in *McCulla* v.

Manley *v.* Mickle.

*Beadleston, 17 R. I. 20, 26.* The Rhode Island statute really controlled, as appears from *Harrington* v. *Harrington, 15 R. I. 341,* and *Congdon* v. *Aylsworth, supra.*

The supreme court of the United States, however, has held that, notwithstanding the broad general rule of court permitting waiver of oath to answer (*Equity Rule No. 41*), a bill for discovery only cannot be maintained if it waive answer on oath. At least that was Mr. Justice Miller's opinion in *Huntington* v. *Saunders, 120 U. S. 78.* The decision in that case can be upheld on other grounds. It sustained on appeal a demurrer to a bill filed for relief and discovery where no case for relief was made, and it had already been held that such a bill cannot be maintained for discovery alone. *McClanahan* v. *Davis, 8 How. 170.* Such also is the rule in this state. *Metler* v. *Metler, 3 C. E. Gr. 270; affirmed, 4 C. E. Gr. 457.*

It is evident that Mr. Justice Miller's opinion has no bearing on the case of discovery prayed in connection with a proper case for relief. This is recognized in the federal courts, for in the later decision of *Uhlmann* v. *Arnholt Brewing Co., 41 Fed. Rep. 369* (in the Pennsylvania circuit), it was held that a defendant must answer the interrogatories of such a bill, although oath to the answer was waived.

In Tennessee, where the act is general in terms, Chancellor Cooper said that to allow a demurrer to so much of a bill as seeks discovery would be to go in the teeth of the statute. *Payne* v. *Berry, 3 Tenn. Ch. 154, 160.*

Of course discovery in an unsworn answer is not available collaterally, but as an admission in a pleading it may be useful to a complainant in a pending cause, and there is no sound reason for denying the right to demand it. Indeed every answer implies some sort of discovery, even if only by way of admission of the allegations of the bill, and the decisions of this state abundantly recognize its evidential force in favor of a complainant. *Hyer* v. *Little, 5 C. E. Gr. 443; Symmes* v. *Strong, 1 Stew. Eq. 131; Reed* v. *Cumberland Insurance Co., 9 Stew. Eq. 393; Walker* v. *Hill's Executors, 7 C. E. Gr. 513, 519,* a case decided by this court.

The statute in this state is very broad.   It enacts that

"the complainant may in *any* bill in chancery pray that the defendant answer without oath, in which case the answer need not be sworn to, and the allegations and statements therein, whether responsive or not, shall not be evidence against the complainant, except on a motion to grant or dissolve an injunction, on which motion the statement and denials in an answer duly sworn to shall have the same effect as heretofore." *Gen. Stat. p. 376 § 23.*

It is not necessary to decide what is the effect of this statute on a bill, filed for discovery only, where answer is called for without oath.   That question may be reserved until someone shall try the fruitless experiment of exhibiting such a bill.   The practice with regard to bills for relief with incidental discovery, has been long settled in chancery.   It accords with the practice elsewhere in this country.   We see no reason to disturb it, even if it be within our province to do so, which also it is not necessary to decide.

The order appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, COLLINS, DEPUE, DIXON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, BOGERT, DAYTON, HENDRICKSON, NIXON—12.

*For reversal*—None.