KATHERINE E. BOWDISH V. CHARLES A. METZGER *et al.*

No. 14,252.    (81 Pac. 484.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*Suit to Quiet Title—Pleading in Equity.* Equity permits a suit for discovery and relief; therefore, where the petition in a suit in equity to remove a cloud and quiet title to real estate is sufficient, except that it does not plead the title under which defendants claim, but states that the nature, character or extent of it is unknown, and prays that defendants be required to disclose such title in their answer, the petition states a good cause of action for discovery and relief.

Error from Scott district court; CHARLES E. LOB-DELL, judge. Opinion filed July 7, 1905. Reversed.

*J. V. Daugherty,* for plaintiff in error.

*J. H. Ball,* and *S. I. Hale,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This is a suit in equity for discovery and relief. The court sustained a demurrer to the plaintiff's petition and, the plaintiff not wishing to amend, judgment was rendered for defendants. Plaintiff states in her petition that she is the legal and equitable owner of the land in controversy, setting out specifically her source of title. She also states that although she is the legal and equitable owner of the real estate as aforesaid the defendants wrongfully and unlawfully make some claim of title to such land adversely to her, the exact nature or character of which is unknown, but that whatever the same may be it is without foundation and casts a cloud upon her title. She asks that the defendants be required to answer and disclose the nature and character of their title or interest, that the rights of the parties be determined, and judgment rendered quieting plaintiff's title as against the claim of defendants.

48—71 KAN.

In this state in a suit in equity to quiet title, or remove a cloud, it is not necessary for the plaintiff to state in her petition that she is in possession, either in person or by tenant. (*Westbrook v. Schmaus*, 51 Kan. 558, 33 Pac. 306; *Grove v. Jennings*, 46 id. 366, 26 Pac. 738.)

A suit for discovery and relief is a well-recognized equity practice. (*Welles v. River Raisin & Grand River R. R. Co.*, 1 Walk. [Mich.] 35; *Poole v. Lloyd & others*, 46 Mass. 525; *Temple v. Gove et al.*, 8 Iowa, 511, 74 Am. Dec. 320; *McClanahan v. Davis et al.*, 49 U. S. 170, 12 L. Ed. 1033; *Denver v. Roane*, 99 U. S. 355, 25 L. Ed. 476; *Middletown Bank v. Russ*, 3 Conn. 135, 8 Am. Dec. 164; *Laight v. Morgan and others*, 1 Johns. Cas. 429; *Livingston v. Story*, 34 U. S. 632, 9 L. Ed. 255; *Kimberly v. Sells*, 3 Johns. Ch. 467; *Livingston v. Livingston*, 4 id. 294; *Higinbotham v. Burnet*, 5 id. 184.)

The petition in this case is very meager in its statement of facts, but as against a demurrer we think it sufficient. Without the aid of discovery the plaintiff would be remediless. She cannot plead that which she does not know and cannot ascertain; therefore, she prays for discovery, to the end that the validity of defendant's claim may be determined and the contentions over the title to the land finally settled.

The judgment of the court is reversed, and the cause remanded for further proceedings.

All the Justices concurring.