## STATE OF CONNECTICUT
### vs.
## ERNEST DORAU

Superior Court      Middlesex County      File #1394

Present: Hon. EDWARD J. QUINLAN, Judge.

Bertrand E. Spencer,      Attorney for the Plaintiff.

Pond, Morgan & Morse,      Attorneys for the Defendant.

124 Conn. 160    MEMORANDUM FILED NOVEMBER 29, 1937.

QUINLAN, J.   The facts in this case are stipulated.   As the parties have indicated the necessity and advisability of a decision from our court of last resort, there seems little purpose in here reciting the facts.   The point of the decision will be easily comprehended by counsel, and such other enterprises as may be depending upon the outcome of this case, would be interested and satisfied only with our Supreme Court's opinion which will include the determinative facts.

The Supreme Court of the U. S. in **Phalen vs. Virginia &. Howard, 163, 168, 12 L. Ed. 1033,** thus once condemned the evil of a lottery as contra bones mores: "Experience has shown that the common forms of gambling are comparatively innocuous when placed in contrast with the widespread pestilence of lotteries.   The former are confined to a few persons and places, but the latter infests the whole community; it enters every dwelling; it reaches every class; it preys upon the hard earnings of the poor; it plunders the ignorant and simple."

**Chapter 330 of the G. S., Rev. 1930,** sets forth a number of offenses under the title "Offenses against Public Policy". What our highest court of the land said many years ago of a lottery, so definitely fixes its abuses, as to bring it, in the mind of any right thinking man squarely within the title of "Offenses against Public Policy".

Is the device of a bank night, then, a lottery?   Under that very title of "Offenses against Public Policy" we find three statutes which are sought to be applied to the state of facts..

**Rev. 1930 G. S. Sec. 6332, Lotteries prohibited.**

**Rev. 1930 G. S. Sec. 6333, Sale of property by lottery.**

**Rev. 1930 G. S. Sec. 6334, Property disposed of by hazard..**

It is difficult to analyze any apparent conflict in the de-

cisions, for the reason that statutory provisions concerning lotteries do not always appear with completeness in the reports, or such provision may be entirely lacking.

The first two statutes above quoted from Conn. are sufficiently broad in terms to cover situations similar to these in the better considered cases in other jurisdictions. As was found in those jurisdictions, so here, counsel, agree that there must be present the necessary elements of a (1) prize, (2) chance, (3) consideration. I apprehend there is accord on a further limitation of the question before the Court, viz., that factually the first two factors of prize and chance exist.

The parties are really at issue as to the existence of a consideration. Hornbook law, while not specific, states a principle oftentimes in an applicable way, i.e. "Statutes prohibiting or regulating lotteries should be construed with a view to remedying the mischief intended to be prevented, and to suppress all evasions for the continuance of the mischief. Therefore when the question presented is one of enforcing criminal responsibility . . . the courts will ordinarily construe liberally the provisions relating to lotteries so as to include all schemes which appeal to the gambling propensities of men." **38 C.J. 305.**

As there is an exhaustive article on this question in the September issue of The American Lawyer, there is no sense in endeavoring to appear or to be original in language or thought. It gets down to a choice of reasoning and I choose to follow Massachusetts and other jurisdictions.

**Commonwealth vs. Wall, 3 N.E. (2nd) 28, p. 30.**

**State vs. Fox Kansas Theatre Co., 62 Pac. (2nd), p. 929, 144 Kan. 687, 109 A.L.R. 698.**

There is certainly an indirect consideration. The aim is to fill the theatre and the element of time inserted in the rules governing this particular bank night to enable one to reach the stage from the outside doesn't accomplish the attempted evasion. There has been an increase in receipts and the benefit in the way of increased gross receipts for paid admissions. is sufficient consideration coming directly or indirectly from those entitled to the chances.

I hold the device to be a lottery under sections 6332.