° ANDREW J. BRIDGES *et al.*

*v.*

ALEXANDER RICE.

*Filed at Mt. Vernon June 21, 1881.*

1. FREEHOLD—*removing cloud from title—right of appeal.* A freehold is involved in a suit in chancery to remove a cloud from the title of real estate by setting aside a judicial sale of the premises, and the case is properly brought before this court for review on appeal or error, directly from the trial court.

2. CHANCERY JURISDICTION—*to advise executors and trustees.* A court of equity has always assumed jurisdiction to control and advise as to the management of trusts and trust estates. It has jurisdiction of a bill by executors asking the advice of the court as to the manner in which the trust resting upon them shall be performed, where the trust becomes embarrassed, or their duties under the will are complicated by circumstances not foreseen or provided against by the testator.

3. Where a bill filed by executors alleged that it was their duty under the will to sell certain town lots, either at private or public sale, to pay the debts of the estate, and that no such sale could be effected without a ruinous sacrifice of the property and great detriment to the parties interested therein, and that there were salable lands belonging to the estate, and asking the advice of the court as to the manner in which the trust should be performed: *Held,* that the court had jurisdiction to give the necessary advice, and having obtained jurisdiction for one purpose, it could afford such relief as pertained to right and justice, and that a sale of the lands under its decree to a stranger to the record was valid, and should be protected.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. DANIEL HAY, for the plaintiffs in error:

Original jurisdiction in all matters of probate is vested in the county courts. Const. 1870, art. 6, sec. 18.

. The circuit court, therefore, not having jurisdiction to order a sale of real estate to pay debts, all its decrees and the sale thereunder were void, and a cloud upon the complainant's title.

If the circuit court could entertain an original proceeding to order the sale of real estate to pay debts, then the manner provided in the statute should be followed. The petition should be signed by the executor and verified by affidavit, neither of which was done. The power to order a sale of land to pay debts of a deceased person is purely statutory, and the requirements of the statute must be observed. *Johnson* v. *Johnson*, 30 Ill. 223; *Herdman* v. *Short*, 18 id. 59; Rorer on Jud. Sales, secs. 265, 305, 307.

Mr. JAMES A. WATTS, for the defendant in error:

The cloud upon title which is sought to be removed by the bill in this cause, is a decree of the Washington county circuit court, and deed executed to defendant in error on sale of the premises under that decree, claiming that the decree is void, because the court had not jurisdiction of the subject matter—*i. e.*, that the original proceeding was but a petition by the executors to sell real estate to pay debts, and being such, the probate court alone had original, exclusive jurisdiction.

The proceeding was not a petition to sell land to pay debts. It was a bill in chancery, filed by the executors, averring that L. Bridges died testate, and nominated complainants as executors; that complainants qualified as executors; that the will was probated; that by the will deceased conveyed all of his town property to complainants, to be sold by them for the purpose of paying debts and supporting the family; that the executors had tried to sell the property, but could not sell the same for a reasonable price; that if said property was offered for sale, lots worth $100 and $150 would realize not more

than $10 and $15; that if the executors should proceed to carry out that part of the will, it would result in great loss to the estate; and that the debts of the estate, for the payment of which there were no assets, amounted to $867.55.

To have refused to execute this part of the will the executors would have been liable, and believing it to be to the interest of the heirs not to carry out the directions in the will, they applied to a court of chancery to relieve them from liability.

The court having obtained jurisdiction of the subject matter and of the persons of the parties whose interests were to be affected, could decree sale of other lands to pay debts, which was in effect a decree releasing the executors from the duty of executing the will.

The exception to the original bill, because it does not contain averments required by statute in the petition to sell real estate in the county court, is unavailing in this case.

The circuit court is a court of general jurisdiction, and the rule that all the facts necessary to confer jurisdiction must appear, is only applicable to courts of limited jurisdiction. *Wallace et al.* v. *Cox,* 71 Ill. 548; *Osgood* v. *Blackmore,* 59 id. 261.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was brought by Andrew J. Bridges and others, against Alexander Rice, to remove a cloud from real estate described in their bill, and which they claim to own in fee simple as the heirs at law of Lewis J. Bridges, deceased. To the bill alleging the facts relied on for relief, a demurrer was sustained by the circuit court, and the bill dismissed.

That which is said to be a cloud upon the title of the property is a deed made by the executors of the testator, under a decree of the circuit court, to defendant, and which purports to convey to him all the right and title that was in the testator at the time of his death. The mere statement of this fact makes it apparent a freehold is involved in the liti-

gation, and under the recent Practice act the case is properly
brought directly to this court.

It is alleged the court, in the suit of the executors, under
which the lands were sold to defendant, had no jurisdiction
to pronounce the decree it did. Two reasons are assigned
in support of the objection: 1st, it was a bill to sell real
estate to pay debts, and in such cases the circuit court has no
jurisdiction, exclusive jurisdiction having been conferred on
county courts in such matters; and 2d, but if the circuit
court had jurisdiction in such cases, the court, in the original
case, failed to acquire jurisdiction, because the bill was neither
signed by the executors nor verified by affidavit. It will
only be necessary to remark upon the first objection, for if
that is not tenable it follows the other is without force.

The original bill, under which the land was sold to defend-
ant, is made a part of the present bill, and on inspection it
is found it is a misapprehension to suppose it was a mere bill
to sell real estate to pay the debts of the testator. It is
alleged it was the duty of the executors under the will to
sell certain town lots, either at private or public sale, to pay
the debts allowed against the estate, and that no such sale
could be effected without ruinous sacrifice of the property, to
the great detriment of the parties interested therein, and as
there were salable lands belonging to the estate, the execu-
tors sought the aid and advice of the court as to the manner
in which the trust should be performed. That was the privi-
lege and the duty of the executors where the trust became
embarrassed, and their duties under the will complicated by
circumstances neither foreseen nor provided against by the
testator. Equity has always assumed jurisdiction to control
and advise as to the management of trusts and trust estates.
Under the circumstances, it was most appropriate for the
executors to invoke the aid of a court of chancery in the
execution of the trust imposed upon them by the will which
they had undertaken to administer, and the court having
obtained jurisdiction, as it did, for one purpose, it could

27—99 ILL.

afford such relief in the premises as to right and justice should appertain. Whether the court decreed wisely or not, is not a material question now, but in making the decree the court acted under general powers possessed by courts of chancery where trust estates or estates of infants are involved, and having had jurisdiction of the persons of the parties interested, and of the subject matter of the suit, the sale of the property under its decree to a stranger to the record, as defendant was, is valid, and must be protected.

The decree of the circuit court is right, and must be affirmed.

*Decree affirmed.*