# PHEBE N. BROWN

v.

## IRA McCORD ET AL.

1. APPEAL—QUESTION OF FREEHOLD.—In the case of a bill filed, alleging, among other things, the existence of certain tax deeds, and claiming that they are void, and praying that they may be removed as clouds upon the title, to which the holder of the tax deed answers, denying their invalidity, the question of a freehold is involved.

2. REVENUE CASE.—The prime object of the bill was to compel the tenant to pay the taxes on the demised premises, according to the covenants in her lease, and the main controversy arose as to the validity of those taxes. This is clearly a case relating to the revenue, and this court has no jurisdiction to consider the case on appeal.

APPEAL from the Superior Court of Cook county: the Hon. GEO. GARDNER, Judge, presiding. Opinion filed January 4, 1882.

In this case, Ira McCord, trustee of the estate of John McCord, deceased, filed his bill in chancery against Phebe H. Brown, the city of Chicago, and others, alleging that on the 10th day of April, 1866, Jason McCord, being the owner of certain lots of land in the city of Chicago, leased the same to said Phebe H. Brown, for the term of twenty years from May 1, 1866, reserving rent at the rate of $125 per month, said lease containing a covenant on the part of the lessee, that, in addition to said rents, she would pay all revenue taxes of every description on said premises, during said term; that on the 28th day of November, 1870, said Jason McCord died intestate, leaving John McCord his sole heir, who also died March 1, 1873, leaving a will under which the complainant became the trustee of his estate; that said lessee had neglected and refused to pay a large amount of taxes which had been levied on the demised premises, and had permitted liens therefor to accrue to a large amount, and had thereby allowed and caused the complainant's title to said premises to become jeopardized and clouded; that two tax deeds, under sales for taxes levied

by the city of Chicago, purporting to convey said premises to said city, had been issued and recorded; but that said city was ready and willing to accept the amount of taxes due to it upon said premises, and relinquish whatever rights it had acquired by virtue of said tax deeds.    The bill alleges the invalidity of said deeds by reason of various defects and informalities in the proceedings under which they were executed, and prays for a decree requiring the lessee to pay the taxes in arrears, and, in case said tax deeds should be found to be void, removing the cloud thereby created from the complainant's title.

The city, in its answer, sets up its tax deeds, and alleges the validity of said deeds and of the title thereby conveyed, but admits that it is willing and ready to accept and receive the total amount of said taxes with interest thereon, at the rate of six per cent. per annum, and relinquish whatever interest in the premises it may have by virtue of said deeds, but only on condition, however, that the total amount of said taxes and interest be paid.

Phebe H. Brown, by her answer, alleges, amongst other things, her readiness and willingness to pay all lawful taxes due on said premises, but that many unlawful claims had been made from time to time, which she had endeavored to separate from the lawful, that all lawful claims might be duly and promptly paid, and rehearses in detail a long course of litigation set on foot by her to that end; that she cannot pay the valid claims until such separation is made, and admits that there is no way in which the clouds upon the title to said premises, created by said tax deeds, can be removed except by a decree of a court of chancery.

On the hearing on bill, answers, replications and proof, the court found that Phebe H. Brown, the lessee, had neglected to pay a portion of the revenue taxes levied on said premises, the same being taxes levied by the city of Chicago for the years 1869, 1870, 1871 and 1872, amounting in all to $1,820, and that two tax deeds under judgments and sales for said taxes, purporting to convey said premises to said city, had been executed and placed on record ; and it was thereupon ordered and decreed that said Phebe H. Brown, within ninety

days, pay the city of Chicago said sum of $1,820; and it was also decreed that said tax deeds were void, and of no effect, and they were thereupon declared to be and were removed, annulled and rendered of no effect to cloud or encumber the complainant's title to said premises.

From said decree Phebe H. Brown has appealed to this court and assigned errors.

Mr. EDWARD ROBY, for appellant.

Messrs. HOLDEN & FARSON, for appellee, McCord.

Mr. FRANCIS ADAMS, for appellee, City of Chicago.

BAILEY, J.    Our jurisdiction of this appeal is questioned on two grounds, viz: first, that it is a case in which a freehold is involved; and second, that it is a case relating to revenue. That the case as it was presented to the court below involved a freehold, we think cannot be questioned.    The bill, among other things, alleges the existence of two tax deeds, purporting to convey the title to the premises in question to the city of Chicago, but at the same time sets up various matters, by reason of which it claims that said deeds are void, and prays that they may be so declared, and removed as a cloud upon the complainant's title.    The city, by its answer, alleges the validity of these deeds, and claims that under them it holds a good and valid title to said premises.    Evidence was introduced in support of these various allegations, and by the decree the court found that the deeds were void, and ordered that they be removed, annulled and rendered of no effect, as a cloud upon the complainant's title.    The cases of Gage v. Bailey, 7 Bradwell, 619, and Gage v. Scales, 100 Ill. 218, are authorities directly in point, showing that under these facts a freehold is involved.

It may be observed, however, that Phebe H. Brown, the appellant, is the only party who has assigned errors, and as the decree, so far as it sets aside and annuls the tax deeds, is a decree in her favor, she is in no position to call it in question, and no point as to the propriety of that portion of the

decree can be made in this court.  It would seem, then, that whatever may have been the questions in the court below, no question of freehold can arise here; and it may be doubted whether our jurisdiction is not to be determined by the nature of the questions presented by the appeal, rather than of those which were litigated below.  But we do not feel called upon to decide this proposition, since upon the other ground above mentioned, we are clearly without jurisdiction.

The principal object of the suit was to compel the tenant to pay the taxes on the demised premises, in accordance with the covenant in her lease.  The city was brought in as a necessary party, and the main controversy arose between the tenant and the city, in relation to the validity of the taxes, and the amount remaining unpaid.  By the decree, their validity was established, their amount ascertained, and the tenant was ordered, within ninety days, to pay them to the city.  These taxes were all portions of the revenue taxes of the city, levied during various years after the execution of the lease.

It seems too plain for argument that the suit " relates to revenue," within the meaning of the statute.  The decree was a final adjudication between the city, the body to which the taxes were payable, and the tax payer, as to the legality of the taxes, as to their amount, and ordering their payment, and as effectually and conclusively settles and determines all those questions, as though the city itself had instituted the suit. The appeal, then, under the present statute, should have been taken to the Supreme Court.

Appeal dismissed.