## JOSEPH S. BAKER, ADMINISTRATOR,
### v.
## DANIEL J. UPDIKE, ADMINISTRATOR.

*Mortgages—Foreclosure—Mistake—Jurisdiction of Appellate Court.*

1. A bill to remove a cloud on the title alleged to have been made by a judicial or tax sale, involves a freehold.

2. A freehold is involved where realty is claimed by a deed, regular on its face, but which is sought to be set aside as a cloud.

3. A bill seeking to correct a description in a mortgage and foreclosing it, likewise involves a freehold.

4. So, also, when the result of the litigation will transfer the same from one person to another, or deprive one person of a freehold by direct attack on his title.

5. It is not sufficient to involve a freehold that the title may be affected, as in foreclosure proceedings, or where the title of a person is decreed to be subject to an execution.

[Opinion filed June 26, 1893.]

IN ERROR to the Circuit Court of Lawrence County; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Messrs. CALLAHAN, JONES & LOWE, for plaintiff in error.

Messrs. JAMES S. PRITCHETT and FRANK C. MESERVE, for defendants in error.

MR. JUSTICE SAMPLE. The plaintiff in error filed his bill to foreclose a mortgage, alleged to have been executed and delivered by James R. Updike to M. W. Updike, on the 6th day of March, 1889, on the S. ½ Sec. 1, T. 4, R. 13, west fifty-five acres, and on the S. W. ¼ of the N. W. ¼ Sec. 6, T. 4 N., R. 12 west, forty acres, to secure the payment of $1,057.50 in one year from date, with interest thereon at the rate of eight per cent per annum.

The mortgage is alleged to have been given to secure the

purchase money for said land, a deed of which was executed, acknowledged and delivered by M. W. Updike to James R. Updike, on the date above mentioned. The bill alleges that M. W. Updike only intended to convey a three-fourths interest in said land, and that the mortgage and deed purporting to convey the whole tracts was a mistake, which description in the deed is asked to be corrected so as to make it convey only a three-fourths interest in said land to James R. Updike. The answer of defendants in error—the heirs of James R. Updike—denies the execution or delivery of the alleged mortgage, avers the execution of some kind of a writing by James R. to M. W. Updike, with regard to said lands, which never was regarded as a mortgage or a lien thereon, and never was so intended to be, which was afterward delivered up during the lifetime of the parties in consideration of services that had been rendered by James R. for his uncle, M. W. Updike; it further denies that there was any mistake or inadvertence in drawing said deed.

On a hearing below, the court dismissed the bill, from which decree this writ of error is prosecuted; the principal errors assigned and discussed being that the court admitted improper evidence, and decreed contrary to the evidence. The defendants in error raise the question that this court has no jurisdiction, for the reason, as claimed, that a freehold is involved. If this position is well taken, then we can not consider the merits of the case.

A freehold is said to be involved when the result of the litigation will transfer the same from one person to another, or deprive one person of a freehold by direct attack on his title. This question is carefully considered in Sanford v. Kane, 127 Ill. 591–597.

It is true it is not sufficient to involve a freehold, that the title *may* be affected, as in foreclosure proceedings (Pinneo v. Knox, 100 Ill. 471), or where the title of a person is decreed to be subject to an execution (105 Ill. 217).

The bill alleges that M. W. Updike was seized in fee simple of the undivided three-fourths of the tracts of land above described, and sold "all his interest therein" to

James R. Updike for the amount above mentioned, but by mistake, the whole tracts were included in the deed when he intended to convey only the three-fourths. These allegations in the bill are denied by the answer, which, in effect, though not so expressly averred, is an assertion of ownership to the entire tracts on the part of the defendants in error.

No other person than the defendants in error are averred, or shown to have the title to the one-fourth of said tracts of land, which, it is alleged in the bill, was not intended to be conveyed.

A bill to remove a cloud on the title alleged to have been made by a judicial or tax sale, involves a freehold. Bridges v. Rice, 99 Ill. 414; Brown v. McCord, 9 Ill. App. 550.

A freehold is involved where realty is claimed by a deed regular on its face, but which is sought to be set aside as a cloud. Chicago, etc., Seminary, v. Gage, 109 Ill. 175.

So does a bill involve a freehold which seeks to correct a description of land in a mortgage and foreclose it. McCarty v. Reeve, 8 Ill. App. 44.

If the bill is sustained in this case, the necessary effect is to deprive the defendants in error of the one-fourth interest in said tracts of land as obtained by said deed.

It is considered that a freehold is involved, and the writ of error is dismissed.                    *Writ dismissed.*