L. E. SEATON, *Appellant,* v. JOSEPH ESCHER *et al.,*
*Appellees.*

No. 17,475.

SYLLABUS BY THE COURT.

QUIETING TITLE—*Service—Allegations of Petition—Judgment by
Default.* In an action to quiet title uncontroverted allega-
tions of the petition, which contains the statutory requisites,
are to be taken as true, and the plaintiff is entitled to judg-
ment by default against defendants who are properly served
by publication and who do not appear.

Appeal from Logan district court. Opinion filed
March 9, 1912. Reversed.

*C. A. Spencer,* for the appellant.

The opinion of the court was delivered by

BURCH, J.: The plaintiff filed a petition alleging
that he is the owner in fee simple and in the peaceable
possession of certain described real estate and that
the persons made defendants claim some interest or
estate in or some lien upon the land adverse to the
plaintiff, but that every such title, interest, estate or
lien, if any exist, is inferior and junior to the estate
and title of the plaintiff. The prayer was that the de-
fendants be required to answer the petition and set
up their claims to the land, that the plaintiff's title be
adjudged to be paramount, and that it be quieted
against the defendants. Service was made by publi-
cation, which was approved by the court. The defend-
ants made default and the plaintiff moved for judg-
ment on his petition. The court declined to render
judgment without proof of the facts concerning both
the plaintiff's right and the defendants' claims. This
proof not being forthcoming the action was dismissed.
The plaintiff appeals.

The court erred. The petition was sufficient under
section 618 of the civil code. (*Cartwright v. McFad-*

*den,* 24 Kan. 662.) The service by publication vested the court with full jurisdiction to proceed. (*Dillon v. Heller,* 39 Kan. 599, 18 Pac. 693.) The allegations of title in fee simple and possession in the plaintiff and of the junior and inferior character of the defendants' claims, whatever they were, were taken as true for the purposes of the action because not controverted. (Civ. Code, § 129.) It was not necessary that the plaintiff set forth the nature and character of the defendants' claims. Perhaps he could not do so. He had the right to call upon them to make discovery of their interests, liens, titles or whatever they claimed (*Bowdish v. Metzger,* 71 Kan. 753, 81 Pac. 484), and he could not be sent out of court remediless for failure to prove what they failed to disclose. No issue being raised either of law or of fact the plaintiff was entitled to judgment by default. In the case of *Brenner v. Bigelow,* 8 Kan. 496, paragraphs 3 and 5 of the syllabus read as follows:

"In an action to quiet title where a defendant makes default all the material allegations of the petition should be taken as true, and judgment rendered against such defendant.

"Where an answer does not put in issue any of the material allegations of the petition, nor raise any new issues, judgment should be rendered on the pleadings for the plaintiff."

In the case of *Dillon v. Heller,* 39 Kan. 599, 18 Pac. 693, the position that a judgment quieting title without the introduction of evidence is invalid was held to be untenable. That the practice of taking default judgments in actions of this character generally prevails is indicated by the reports (*Rowe v. Palmer,* 29 Kan. 337; *Comm'rs of Marion Co. v. Welch,* 40 Kan. 767, 20 Pac. 483), and it extends to equitable actions like specific performance (*Lumber Co. v. Town Co.,* 51 Kan. 394, 32 Pac. 1100). The danger of sometime barring a superior valid claim is no greater than in a

foreclosure case, in which the right to judgment by default is unquestioned.

The judgment is reversed and the cause is remanded with direction to proceed in accordance with this opinion.