No. 26,085.

Rufus M. Overlander, *Appellee,* v. Jacob Alpheus Overlander, *Appellant.*

SYLLABUS BY THE COURT.

Accounts and Accounting—*Action for Rents and Accounting—Pleading.* In an action for rents and for an accounting, the petition is examined and held to state a cause of action.

Appeal from Doniphan district court; C. W. Ryan, judge. Opinion filed October 10, 1925. Affirmed.

*Jacob A. Overlander,* of New York, N. Y., *per se.*

*Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an appeal by defendant from an order overruling his demurrer to plaintiff's petition. The petition avers that plaintiff and the defendant and John E., Charles L. and Jesse L. Overlander were the owners in fee of certain farm land in Doniphan

1. Accounts and Accounting, 1 C. J. § 97; Tenancy in Common, 38 Cyc. p. 80.

county; that in the year 1919 the defendant, acting for and claiming
to act for plaintiff, rented the land to a tenant for grain rent and
cash rent; that he collected such rents and accounted to this plain-
tiff for only a portion of plaintiff's share of such rent, and has failed
and refused to account to plaintiff for $200 due from defendant to
plaintiff on his share of the rent of the premises for that year. There
are similar allegations, with varying amounts, for the years 1920,
1921, 1922 and 1923.

In a second cause of action plaintiff averred that defendant was
negligent in caring for and marketing the landlord's portion of the
crop from the land for certain years, to plaintiff's damage in a stated
sum. It is further averred the defendant claims to have made ex-
penditures for improvements on the premises and to have paid taxes
on the land in behalf of plaintiff, that plaintiff has asked for an ac-
counting, which defendant has refused. The prayer is for an ac-
counting and the sum alleged due plaintiff.

To this petition defendant demurred, for the reasons: First, that
there is another action pending between the parties concerning the
same subject matter in the supreme court of the state of New York,
New York county, in which the issues have been joined. Second,
that the court is without jurisdiction of the subject matter, for the
reason that upon the face of the petition recovery is sought of
plaintiff as trustee rising from the sale of personalty, and nowhere
does it appear that the fund is within the state of Kansas, or plain-
tiff's inability to follow the fund, if elsewhere, or where the money
constituting the trust fund may be found. Third, for misjoinder of
cause of action in that defendant is charged, in a representative ca-
pacity, with the duties of administrator of the estate of Rufus B.
Overlander, deceased, as agent of the administrator, individually,
in his own personal right, and as trustee of the fund claimed by
plaintiff. It is further contended that the respective causes of ac-
tion do not contain a sufficient statement of facts to constitute a
cause of action.

As to the first ground of demurrer, there is nothing in the petition
filed by plaintiff to indicate that there is another action pending
anywhere between these parties involving the subject matter, hence
the demurrer on that point is not good. The second and third
grounds of demurrer are not good for the reason that there is noth-
ing in the petition to show that defendant is being sued otherwise
than in his individual capacity for moneys received while repre-

senting and claiming to represent the plaintiff. The demurrer, on the ground that the petition in its respective counts did not set forth facts sufficient to constitute a cause of action, was properly overruled. As to the first count in the petition, it is argued it does not state the total rents received by defendant and plaintiff's share thereof, and how much has been paid. The petition could have been more specific in these particulars, but this does not render it demurrable. It is also argued that the petition does not take into account expenses, taxes, etc., paid by plaintiff properly deductible from the rents. These are matters of defense which may be set up in the answer and determined.

The judgment of the court below will be affirmed.