No. 39,004

CLARENCE LOREY, *Appellee,* v. DOROTHY COX, *Appellant.*

(259 P. 2d 194)

Opinion filed July 6, 1953.

*H. W. Goodwin,* of Wichita, was on the briefs for the appellant.

*Aubrey J. Bradley, Jr., Robert A. Coldsnow, F. C. McMaster,* and *Kenneth F. Beck,* all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The defendant appeals from an order overruling her demurrer to a petition. The sole ground of the demurrer was another cause of action was pending between the same parties for the same cause.

In support of appellant's demurrer she offered in evidence the record of another pending action. Appellant states the only issue on appeal is whether the cause of action alleged in the instant petition is the same cause of action set forth in the previously filed and pending case. Appellant is in error. We are not presently concerned with that question. The only question is whether the court erred in overruling her demurrer. The petition to which appellant demurred does not disclose another action was pending for the same cause or, in fact, for any other cause. In order to render the petition demurrable on the ground asserted, or for that matter on any statutory ground, the defect under our code must appear on the face of the petition.

G. S. 1949, 60-705 provides:

"The defendant may demur to the petition *only when it appears on its face,* either . . . *Third,* that there is another action pending between the same parties for the same cause. . . ." ( Our italics.)

The pertinent part of G. S. 1949, 60-707, reads:

"When any of the defects enumerated in section 93 [60-705] do not appear *upon the face of the petition,* the objection may be taken by answer. . . ." ( Italics supplied.)

In *Overlander v. Overlander,* 119 Kan. 348, 239 Pac. 751, one ground of the demurrer was the same as that asserted here. This court disposed of the demurrer as follows:

"As to the first ground of demurrer, there is nothing in the petition filed by plaintiff to indicate that there is another action pending anywhere between these parties involving the subject matter, hence the demurrer on that point is not good." ( p. 349.)

The principle involved was rather fully treated in *American Glycerin Co. v. Freeburne,* 157 Kan. 22, 138 P. 2d 468, in which we held:

"A defendant may demur to a petition only where some one of the defects enumerated in G. S. 1935, 60-705, appears on the face of the petition, and where such a defect does not so appear the objection to the petition may be taken by answer. ( G. S. 1935, 60-707.)

"Before a demurrer to a petition can be sustained upon the ground the action is barred by the statute of limitations, the facts constituting the bar must appear on the face of the petition and cannot be supplied from the files in the case or other records which disclose the date on which summons was served on the defendants." ( Syl. ¶¶ 1, 2.)

In *Runnels v. Montgomery Ward & Co.,* 165 Kan. 571, 195 P. 2d 571, we also held:

"A demurrer to a pleading may be employed to test the legal sufficiency of facts appearing *on its face but of no others.* Any motion to be properly regarded as tantamount to a demurrer, for the purpose of making a ruling thereon appealable, must be likewise restricted in its operation." ( Syl. ¶ 4.) ( Italics supplied.)

The order overruling the demurrer is affirmed.