No. 40,057

EARNEST E. ABLES and FLETA L. ABLES, his wife, *Appellants,* v. CITY OF TOPEKA, KANSAS; GEORGE G. SCHNELLBACHER, Mayor; J. GLENN DAVIS, Finance Commissioner; LLOYD B. SMITH, Water Commissioner; C. MADISON WILLIAMS, Street Commissioner; WILLIAM R. YERKES, Park Commissioner; All in Their Respective Capacity, and NORTH TOPEKA DRAINAGE DISTRICT; KELLY LEWIS, Chairman; LEWIS PARAMORE, Member; and HOWARD T. JACKSON, Member, All in Their Respective Capacity, *Appellees.*

(303 P. 2d 177)

Opinion filed November 3, 1956.

*Walter G. Stumbo,* of Topeka, argued the cause, and *Robert R. Irwin,* also of Topeka, was with him on the briefs for the appellants.

*Mark L. Bennett,* of Topeka, argued the cause, and *Harry Logan, Fred Carman, James H. Hope, John E. DuMars,* and *Clayton M. Davis,* all of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiffs commenced an action the general purpose of which was to obtain a judgment that they were the owners of certain described real estate and that defendants had no interest therein. The separate demurrers of the defendants were sustained and in due time the plaintiffs perfected an appeal from the rulings thereon, which they specify as error.

In view of what is later said, a detailed statement of the allegations of the petition is not necessary. Plaintiffs alleged their ownership and possession of described real estate and that the action was brought pursuant to G. S. 1949, 60-3127 to 60-3132, to obtain a judgment declaratory of the rights of the parties in the premises; that in 1938 and 1939 the defendant city prosecuted certain proceedings in the district court of Shawnee county to condemn a part of the real estate for flood protection works and in truth and in fact for the sole purpose of constructing a "ring dike"; that the defendant city had failed, neglected and refused to use the right of way acquired and at numerous times had declared its intention and decision to abandon the right of way; that the defendant city claimed some right, title and interest in plaintiffs' land adverse to the plaintiffs, which claim constituted a cloud upon the title of plaintiffs and should be eliminated. Plaintiffs further alleged that the condemnation by the defendant city of the right of way did not divest plaintiffs of their title but only permitted the defendant city to use the same for a dike and plaintiffs retained the right to the full and free use of the land for any purpose that would not have interfered with the maintenance of the dike had it been built. Plaintiffs further alleged that the defendant city declared its intention to abandon the right of way and not to use the same by the passage of city ordinance No. 8485 on December 8, 1953, by which it attempted to dispose of any interest it might have had in its right-of-way easement and to permit the right of way to be used for purposes different from those for which it was condemned; and that the defendant Drainage District claims to have some right, title and interest in plaintiffs' land by virtue of that ordinance. (It is here noted that no copy of the ordinance was attached to and made a part of the petition as an exhibit, nor was the ordinance

made a part of the petition by reference.) The remaining allegations of the petition repeat that any rights of the defendants by reason of the condemnation proceedings have been abandoned and defendants should be enjoined from claiming any interest in plaintiffs' lands and plaintiffs' title should be quieted and defendants barred. Summarily stated the plaintiffs prayed that the court take jurisdiction under the declaratory judgment act; declare the rights acquired under the condemnation proceedings; that the defendant city had failed, neglected and refused to use the lands for the purposes for which taken and had in truth abandoned its easement and the same had reverted to plaintiffs; that ordinance No. 8485 be declared of no force and effect and the defendant Drainage District be declared to have no right, and upon such determinations being made that the defendants be excluded and barred of any interest or claim in the real estate and the title of plaintiffs quieted.

The ground of each demurrer was that the petition did not state facts sufficient to constitute a cause of action.

The record as presented by the abstract and counter abstract presents two situations of which we shall first dispose. Appellants' abstract shows only the petition, appellees' motions for additional time to plead, their demurrers to the petition and the rulings thereon, the rulings being merely that the demurrers were sustained. Appellees have filed a counter abstract in which it is first stated the parties agreed to submit to the trial court the question whether the issues presented by the petition under attack were *res judicata* in view of a previously litigated case and the pleadings and judgment in that case are fully set forth. In their brief appellees state that such an agreement is "now denied" by the appellants. We shall not decide whether such an agreement was made. In any event there is no contention that the petition on its face disclosed any basis whatever for a claim of *res judicata*. In their counter abstract appellees state that at the time of the argument on their demurrer, ordinance No. 8485 of the defendant city was produced and handed to the trial court and at the time the demurrers were considered was a part of the record and a copy of that ordinance is included in the counter abstract. We have heretofore pointed out that no copy of the ordinance was attached to and made a part of the petition nor was it made a part of the petition by reference. Under G. S. 1949, 60-705, a defendant may demur to a petition ". . . only when it appears on its face, . . . *Fifth*, that the petition does not state facts sufficient to constitute a cause of ac-

tion." The statutory rule has been applied in many recent cases. See, *e. g.*, *Babcock v. Dose*, 179 Kan. 298, 293 P. 2d 1007, and cases cited. And reference to the annotations to the statute in the 1955 Supplement will disclose others stating the rule that the defects complained of or the matter relied on must appear on the face of the petition. Application of the rule discloses that the petition contains nothing on which to predicate the question of *res judicata*, or what the legal effect of ordinance No. 8485 may be as against the allegations of the petition. Neither will be considered.

Appellees also contend that the action sounds more as an action to quiet title than an action for a declaratory judgment. It must be conceded that some of the allegations of the petitioner are appropriate and common to an action to quiet title, but we are not now called on to decide what, in some circumstances, might be an interesting question. The question before us is whether a cause of action is stated either under the declaratory judgment article or the quiet title article of the code of civil procedure. (G. S. 1949, Ch. 60, Arts. 31 and 18.)

The petition under attack was not subjected to any motions to make more definite or certain and, under the code (G. S. 1949, 60-736) and our established practice, is entitled to a liberal interpretation. (*Stratton v. Wood Construction Co.*, 178 Kan. 269, 272, 284 P. 2d 636, and cases cited.)

The bare bones of the allegations are that plaintiffs owned and were in possession of described real estate; that they brought the action to obtain a declaratory judgment of their rights under the circumstances set forth; that in 1938 and 1939 the city of Topeka instituted an action to condemn a right of way, in truth and in fact, for the sole purpose of constructing a ring dike; that the city failed for fifteen years to use the right of way, and had at various times declared its intention to abandon the right of way; that the city claimed some right in plaintiffs' lands which claim clouds plaintiffs' title; that the condemnation did not divest the plaintiffs of their title, but granted only the right to construct the dike; that the city had declared its intention to abandon its right-of-way easement by the passage of its ordinance No. 8485; that the defendant Drainage District claimed some right under the above ordinance, which claim clouds plaintiffs' title.

The gist of appellants' argument is that they sufficiently alleged their claims to the real estate and the claims of the city and drainage district and in such circumstance a demurrer was not proper

and it was the duty of the trial court to overrule the demurrers, citing, *inter alia, Hyde Park Dairies v. City of Newton,* 167 Kan. 730, 208 P. 2d 221, and *Stalnaker v. McCorgary,* 170 Kan. 9, 223 P. 2d 738; that the trial court erred in considering the question of *res judicata,* and that the trial court erred in sustaining the demurrers.

The gist of appellees' argument is that the demurrers raised the question of the sufficiency of the petition to state a cause of action and was not restricted to the sole question whether facts were stated under the declaratory judgment act; that the instant action is *res judicata;* that the city, under the condemnation acts, acquired a fee simple title, and if it obtained only an easement for a right of way, such easement can be abandoned only by formal action and not by non-user.

We have heretofore concluded that the matter of *res judicata* and the legal effects of ordinance No. 8485 were not properly before the court for its consideration. Under the facts pleaded the city obtained an easement for a right of way for a dike, did not use the easement for a period of over fifteen years, and on December 8, 1953, declared its intention of abandoning the easement by the passage of ordinance No. 8485. The demurrers admitted these facts. Whether considered as an action under the declaratory judgment act or as an action to quiet title, a cause of action was stated. If either defendant has a defense, it should be presented by answer. Upon trial either party may make such proof as the issues presented by all of the pleadings may demand, and the matters then determined.

Our conclusion is that the trial court erred in sustaining the demurrer. Its rulings are set aside and the case remanded with instructions to overrule the demurrers.