No. 40,700

S. J. COOLBAUGH, as Trustee of the Johnson Trust, *Appellee*, v. WALTER R. GAGE, JR., *Appellant*.

(319 P. 2d 146)

Opinion filed December 7, 1957.

*Kenneth Clark*, of Hill City, argued the cause, and *W. H. Clark* and *Marion W. Chipman*, both of Hill City, were with him on the briefs for the appellant.

*D. A. Hindman*, of Stockton, argued the cause, and *Stanley Krysl*, of Stockton, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order overruling a demurrer to a petition in an action involving a trust, previously created by litigants in a divorce action under a written agreement, subsequently approved by the trial court, whereby such litigants amicably settled their property rights and obligations for the support of their four minor children.

Plaintiff commenced this action, making Walter R. Gage, Jr., a defendant, after receiving orders from both the probate and district courts of that county, which we pause to note were made pursuant to applications presented to those tribunals by the defendant wife in the divorce proceeding, directing him to bring an action in the district court for the purpose of setting aside an assignment and deed, to be presently mentioned. Such pleading is lengthy and contains many evidentiary and immaterial matters of no import to the issues here involved. In view of that situation we shall narrate, in accord with our own views of their import, what we believe to be the important allegations of that pleading as briefly as the state of the record permits and subsequently make reference to eight exhibits attached to that pleading.

So summarized the petition alleges in substance that the plaintiff

is the trustee of the Johnson trust. That J. J. Johnson died on April 3, 1911, testate, owning two quarter sections of land, describing them. That such decedent was survived by his wife Arabella and one son Howard. That Arabella died in 1916. That Howard died on March 1, 1932. That according to the terms of the will of J. J. Johnson the real estate was devised to the plaintiff's predecessor in title, as trustee, under requirements that the preceding trustee, and the present trustee, should pay from the income from said real estate so much of that income as might be necessary for the support of Arabella; that after the death of Arabella the income from the real estate was to go to Howard, during his lifetime; that at the death of Howard such real estate was to descend to the heirs of the deceased testator unless Howard had children, in which event it was to remain in the trust for twenty years after Howard's death and then go to Howard's children. That Howard had one child only, a son named Theodore. That the original term of the J. J. Johnson trust expired on March 1, 1952. That on September 24, 1949, for the purpose of settling property rights, child support and alimony claims, in a divorce action, Theodore and his divorced wife, Evelyn, entered into an agreement, consented to by plaintiff as trustee, which extended the trust created by the J. J. Johnson will, or created a new trust with like terms, terminating on May 13, 1961, the date on which Theodore's youngest child would arrive at the age of eighteen years.

The petition further alleges that on January 4, 1954, Theodore assigned all of his interests in the proceeds of the trust to the defendant and at the same time deeded all of his remainder interest in the involved real estate, subject to the trust, to the defendant; and that on the same date Theodore also executed and delivered a confirmation and ratification of trust agreement, the significance of which was and is now unknown to the plaintiff.

The petition also alleges that Theodore could not assign or convey any interest in the real estate at the time of the execution of the assignment and deed mentioned; that such assignment and deed were procured by fraud, including inadequacy of consideration; that the transaction was unconscionable; that the court should create or establish some principle or procedure necessary to correct the wrong allegedly committed by defendant; and that the deed and assignment should be cancelled.

The petition further recites that notwithstanding the assignment

and deed are void, and should be cancelled as claimed, *they exist as a cloud upon the title to the real estate; interfere with the exercise of the trust by plaintiff; will interfere with the distribution of the trust property at the termination of the trust; and that plaintiff desires and enlists the aid of this court (the district court) in the proper exercise of its trust.*

We now direct our attention to Exhibits, made a part of the petition by proper reference.

Exhibits "A" and "B" are the applications in probate and district courts. They require no further reference except to state that they were filed by Evelyn Laverne Tegarden for and on behalf of herself and three minor children of Evelyn and Theodore who had not yet attained the age of eighteen years.

Exhibit "C" is the will executed by J. J. Johnson, under date of March 29, 1911. In view of what has been heretofore, and will be presently, stated, this instrument need not be detailed. The same holds true of Exhibit "D" which is the consent of the testator's wife to the terms and conditions of such will.

Exhibit "E" is the stipulation and trust agreement on which the rights of the parties primarily depend. For that reason, and in order that there can be no doubt or confusion respecting its terms and conditions, we attach a copy thereof to this opinion as an appendix where its allegations will be available for ready reference.

Exhibit "F" is the assignment from Theodore Johnson and his present wife to Walter R. Gage, Jr. It recites that with full understanding of their rights the parties first above mentioned in consideration of $4,500.00 sell, transfer and assign to Gage, forever, any and all right, claim, interest or title which they have, or may ever have, in the trust agreement of September 24, 1949, involving a property settlement and child support agreement between Theodore and Evelyn Laverne Johnson, now divorced; further paragraphs of such assignment recite that instrument includes any and all rights the assignors now have, or ever will have, in the involved real estate, including all mineral rights, and include the following statement:

"At the present time Mr. S. J. Coolbaugh is the trustee for the aforesaid mentioned trust. The aforesaid mentioned trust expires May 13, 1961, and at that time any and all right, title, claim and interest including any and all right, title, claim and interest in the mineral, oil and gas rights will vest in Walter R. Gage, Jr., his heirs and assigns."

Exhibit "G" is a warranty deed reciting that Theodore and his present wife, for and in consideration of the sum of $4,500 to them paid, convey the involved real estate to Walter R. Gage, Jr., free and clear of all encumbrances.

Exhibit "H" is the confirmation and ratification of the trust agreement which plaintiff indicates gives rise to some of his doubts and confusion respecting his presently existing rights and obligations under the trust agreement. So far as here pertinent it reads:

"I, Theodore Johnson, the undersigned being one and the same individual that executed on the 24th day of September, 1949, a trust agreement which agreement is on file in the Rooks County, Kansas, District Court, and is a part of the Journal Entry regarding the property settlement and child support in the case of Theodore Johnson vs. Evelyn Lavern Johnson, No. 8164. The terms of the aforesaid mentioned trust instrument I incorporate as a part of this declaration and I do hereby confirm each and every provision of that trust agreement and do by my signature which is affixed hereto, being of sound and disposing mind and memory, and of my own free will and accord, and without any influence being exerted by any person whatsoever do hereby ratify and reaffirm as my desire each and every provision of said trust agreement."

Defendant did not motion the petition in form as heretofore related. Instead he filed a demurrer to that pleading based on grounds: (1) Plaintiff had no legal capacity to sue; (2) several causes of action were improperly joined; and (3) such pleading failed to state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant. On the overruling of such demurrer he perfected the instant appeal and brought the cause to this court under specifications of error charging that the trial court should have sustained each and all of its grounds. In his briefs and on oral argument he states he has reached the conclusion the second ground of the demurrer is not well founded, thus eliminating that question from consideration on appellate review.

In a preliminary way it may be said that it has been far more difficult to give readers of this opinion a proper understanding of events giving rise to this controversy and the limited issues presented by the appeal than it has to reach a decision on the rights of the parties within the scope of such issues.

At the outset it should be stated, that with the record in its present state, the issues involved are limited to (1) whether the trustee, acting under an express trust (See the Appendix), the terms of which do not terminate until May 13, 1961, has legal capacity to

maintain the action and (2) whether under the allegations of his petition such trustee has stated a cause of action entitling him to any relief whatsoever in his fiduciary capacity. And added that such issues must be determined under allegations of a petition, which are not only admitted but entitled to the benefit of all reasonable inferences.

In connection with all questions involved it is to be noted, and must be kept in mind, that under all our decisions the fact a petition seeks to recover more or different relief than that to which the plaintiff is entitled does not make it subject to demurrer if it otherwise states a cause of action. (See *Cooley v. Shepherd,* 170 Kan. 232, 225 P. 2d 75, and numerous other decisions cited in West's Kansas Digest, Pleading, § 193[8]; Hatcher's Kansas Digest [Rev. Ed.], Pleading, § 94.)

Appellant's first contention is that the trustee is not a proper party and for that reason the first ground of his demurrer, based on the premise such trustee had no legal capacity to maintain the action, should have been sustained by the trial court. Let us see.

In approaching the question thus raised we note that most of appellant's contentions with respect thereto are based on the premise the trustee, hereinafter referred to as the appellee, is seeking to set aside the deed and assignment made by Theodore Johnson to appellant, under date of January 4, 1954, and that, under the provisions of G. S. 1949, 60-401, providing that every action must be prosecuted in the name of the real party in interest, except as otherwise provided in Section 27 (60-403), Theodore, or in the event of his incompetency his guardian, is the real party in interest in this lawsuit and hence is the proper party to maintain it. Assuming, without deciding, these contentions have merit does not warrant this court in concluding the demurrer should have been sustained on the ground now under consideration.

The petition alleges in substance that appellee is the qualified and acting trustee, with active duties to perform, under the terms and provisions of a trust agreement (See Appendix, particularly provisions thereof relating to such duties) which has not been fully executed, and cannot be so executed until it finally terminates on May 13, 1961. By other allegations, and exhibits attached thereto and made a part thereof, such pleading discloses that Theodore, one of the parties to the trust agreement, has executed and delivered

to appellant certain instruments transferring, assigning and conveying his interest, past, present and future, in the property, both real and personal, involved under the terms of such agreement. And such pleading states that those instruments "exist as a cloud upon the title to said property and interfere with the exercise of said Trust by plaintiff, and will interfere with the distribution of said property at the termination of said Trust, and plaintiff desires and enlists the aid of this court in the proper exercise of said Trust and in the interest of justice."

In the face of the foregoing allegations of the petition, and others previously mentioned in the opinion, this court is forced to the conclusion that, in part at least, the relief sought by appellee in his petition, which we pause to note and re-emphasize was not motioned and as here presented is in the form of a single cause of action, is guidance and instruction from the court as to his conduct as trustee, while the trust agreement remains in force and effect, in view of the assignments and transfers made by Theodore which give rise to doubt and uncertainties respecting his existing rights, duties and obligations in that capacity. Having reached that conclusion we think our statutes as well as our decisions make it clear that, so far as the petition relates to the relief just mentioned, appellee had legal capacity to maintain the action and that the trial court's action in overruling the ground of the demurrer in question was proper.

See *Knox v. Knox,* 87 Kan. 381, 124 Pac. 409, where it is said:

"The general jurisdiction of district courts over trusts is recognized by various statutes (Gen. Stat. 1909, §§ 2390, 2479, 9703), and is inherent in courts of equity, which have always assumed the right to direct and control in the management of trust estates (*Bridges et al v. Rice,* 99 Ill. 414).

" 'Courts of equity, by reason of the power they possess over trusts and trustees, have inherent jurisdiction to construe wills which create trusts, either expressly or by necessary implication.' (1 Underhill on the Law of Wills, § 455.)

" 'Whenever there is any *bona fide* doubt as to the true meaning and intent of the provisions of the instrument creating the trust, or as to the particular course which he ought to pursue, the trustee is always entitled to maintain a suit in equity, at the expense of the trust estate, and obtain a judicial construction of the instrument, and directions as to his own conduct.' (3 Pomeroy's Equity Jurisprudence, 3d ed., § 1064.)" (pp. 385, 386.)

See, also, *In re Estate of Woods,* 181 Kan. 271, 311 P. 2d 359, which holds:

"When a trustee has real doubts to be solved, he not only may, but for his own protection should, seek the court's guidance." (Syl. ¶ 3.)

For statutory authority supporting the conclusions just announced see G. S. 1949, 60-403, providing that the trustee of an express trust may bring an action either with or without joining the person for whose benefit it is prosecuted.

See, also, G. S. 1949, 60-3132a, providing that in cases of express trusts where doubtful meaning of the trust instrument is alleged, courts of record within the scope of their respective jurisdiction shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed; and G. S. 1949, 60-3132c, stating that the act is declared to be remedial, its purpose being to afford relief from the uncertainty, insecurity and doubts attendant upon controversies over the meaning and legal construction of the express trusts and trust instruments specified therein.

Based on what has been heretofore stated regarding the force and effect of allegations of the petition relating to the necessity of aid from the court in the exercise of the trust under existing facts and circumstances; our conclusion respecting the import to be given those allegations; and what is said and held in the foregoing decisions, we have no difficulty whatsoever in concluding that the petition states facts sufficient to warrant the trial court in making binding adjudications of right between the parties as to their respective rights, duties and obligations under the terms of the trust agreement and the instruments received by appellant from Theodore while that agreement remains in force and effect. It necessarily follows the trial court did not err in holding the allegations of the petition stated facts sufficient to constitute a cause of action.

In conclusion it should be pointed out that where a trial court overrules a demurrer to a petition without putting its finger on any specific reason for its action the scope of review on appeal is limited to whether the allegations of the involved pleading disclose any sound basis for the affirmance of that action. For that reason we have disregarded, not overlooked, many contentions advanced by the parties respecting the existence of both affirmative and defensive facts and circumstances which they seek to have considered in connection with the ruling on the demurrer. Indeed, we have purposely refrained from mentioning such matters in order to avoid saying anything that might prejudice either party in further pro-

ceedings relating to the merits of the cause. Whether appellee can obtain all or only part of the relief sought in his petition or sustain the burden of proving its allegations, or appellant establish the defenses with respect thereto, which they have sought to argue in connection with questions pertaining to the propriety of the ruling on the demurrer, are not matters with which we are presently concerned under the limited appellate issues involved. They must first be determined by the trial court. All we here hold is that under the facts, conditions and circumstances, set forth and described in the petition, the trial court, for the reasons set forth in the opinion, did not err in overruling the demurrer to that pleading.

The order and judgment of the trial court is affirmed.

## APPENDIX

IN THE DISTRICT COURT OF ROOKS COUNTY KANSAS

THEODORE JOHNSON, PLAINTIFF,
vs.                                    No. 8164
EVELYN LAVERN JOHNSON, DEFENDANT,

STIPULATION AND AGREEMENT AND
DECLARATION OF TRUST

This stipulation and agreement made and entered into this 24th day of September, 1949, by and between Theodore Johnson, Plaintiff in the above entitled action, as party of the first part, and Evelyn Lavern Johnson, defendant in the above entitled action, as party of the second part, as follows:

WHEREAS, on the 1st day of June, 1949, a divorce was granted to defendant in the above entitled cause, and she was at that time granted the permanent custody of the four minor children of plaintiff and defendant, but said cause was then continued as to all matter pertaining to a property settlement, child support and alimony, And,

WHEREAS, said parties desire to agree upon their property rights and support for their four minor children.

Now THEREFORE, it is hereby agreed that said party of the second part shall have all household furniture, utensils and appliances, as her sole and own property, free and clear of any claim on the part of first party, and said second party does hereby waive all claims against first party for alimony and property settlement, except for child support as hereinafter set forth.

It is further agreed that the following described real estate situated in Rooks County, Kansas, to-wit:

The Southeast Quarter (SE/4) of Section Fifteen (15), and the Northeast Quarter (NE/4) of Section Twenty-two (22), all in Township Eight (8) South, Range Seventeen (17), West, of the 6th P. M.,

which is now held in trust by S. J. Coolbaugh, Trustee under the Last Will and Testament of John J. Johnson, Deceased, for a term which expires on the 1st day of March, 1952, shall remain in trust until the 13th day of May, 1961, at which time the youngest child of plaintiff and defendant will arrive at the age of 18 years.

In pursuance of the aforesaid agreement, it is hereby agreed and declared by said party of the first part, that from and after the termination of the aforesaid Testamentary Trust, the above described real estate shall be and the same is hereby vested in the said S. J. Coolbaugh as Trustee until the 13th day of May, 1961, for the uses and benefits of the beneficial owners thereof, as hereinafter set forth.

Said Trustee shall have the same rights and powers over said real estate during said additional term, as he now has under said Testamentary Trust. He shall keep said land rented for agricultural purposes, collect all rentals therefrom including oil and gas lease rentals, if any, pay the taxes thereon, and pay to himself for his services as such trustee 5% of all rentals and income collected, and dispose of the balance as follows: Said Trustee shall pay second party hereto, for the support, maintenance and education of the four minor children of plaintiff and defendant, the sum of $12.50 per month for each minor child under the age of 18, that is in the custody of second party at the time of such payment, the first payment of $50.00 to be made upon execution hereof, and such payments to be made on the 15th day of each and every month hereafter, during the term of said Trust. In the event that said Trustee at any time does not have on hand sufficient money with which to make said payments, he shall upon receiving further funds, apply same to the payment of all unpaid payments. Said Trustee may withhold sufficient funds each year for the purpose of paying taxes upon said real estate. And in the event that Trustee shall accumulate more funds that are reasonably necessary to make the payments, aforesaid, he may in his discretion and upon order of the court, distribute a part thereof, to party of the first part.

In addition to the payments aforesaid, said Trustee shall pay all

emergency hospital and medical bills for said minor children, upon proper order of the court.

It is further agreed that the District Court shall have jurisdiction to adjust the terms and provisions of said Trust if circumstances justify it, and more especially if oil or gas ever be produced from said real estate.

It is further understood that said Trustee shall pay the accounts of Dr. Reynolds, St. Anthony's Hospital and June Bennett, out of funds now in his hands, and that he also withhold the sum of $150.00 for the purpose of paying the 1949 taxes.

It is further understood and agreed that any and all payments provided for and to be made by said Trustee to second party, which shall remain unpaid on the 13th day of May, 1961, same being the date of termination of said Trust, shall be and the same are hereby made a lien upon the above described real estate and upon termination of said Trust as aforesaid, said real estate shall become the sole property of party of the first part, subject only to the lien of second party for any and all unpaid payments as herein provided for.

Each of the parties hereto agree to pay their own attorney fees.

The terms of this agreement shall be binding upon said Trustee under said Testamentary Trust as well as the extension thereof as herein set forth and declared.

In witness whereof, the parties have hereunto set their hands, the day and year first above written.

/s/ D. A. HINDMAN,
    Attorney for Plaintiff

/s/ W. McCASLIN,
    Attorney for Defendant.

        /s/ THEODORE JOHNSON,
            Plaintiff and Party of the First Part.
        /s/ EVELYN LAVERN JOHNSON,
            Defendant and Party of the Second Part.