No. 41,041

COSETTE SNEDEGER, *Appellee,* v. J. A. SCHRADER and FLORENCE SCHRADER, *Appellants.*

(332 P. 2d 586)

Opinion filed December 6, 1958.

*Richard L. Ebersole,* of Wichita, argued the cause, and *John Madden,* of Wichita, was with him on the briefs for the appellants.

*Benjamin Foster,* of Wichita, argued the cause, and *Kenneth F. Beck* and *Bruce B. Fitts,* both of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a consolidated action by the alleged owner of two promissory notes against the makers thereof for recovery on the notes. For convenience, the petitions, which are identical except for dates of execution and due dates of the two notes, will be considered as one. Defendants appeal from an order overruling their demurrer to the amended petition.

The amended petition of Cosette Snedeger, plaintiff (appellee), alleged the execution by J. A. Schrader and Florence Schrader, defendants (appellants), of two promissory notes to Mrs. Bessie A. Mignery or order. Copies of the notes were attached to and made a part of the petition. Plaintiff alleged the maturity of the notes, the payment of a portion of the interest thereon and the refusal of defendants to pay the balance owing on the principal and interest. Plaintiff further alleged that she became the owner of the promissory notes by virtue of a decree of descent entered by the probate court of Reno county on March 3, 1955, in the matter of the estate of Bessie A. Mignery, deceased. The decree of descent, which was attached to and made a part of the amended petition, set forth the residence of the decedent in Reno county, her death more than one year prior to the filing of the petition, and listed certain real estate and personal property owned by decedent at the time of her death. After noting no will of the decedent had been admitted to probate and no administration of her estate had been had in the state, the decree declared plaintiff the sole heir of decedent. The court then decreed:

". . . the above described real estate and personal property, and *all other real estate and personal property within the state and owned by the decedent at the time of her death,* subject to any lawful disposition thereof heretofore made, be and the same is hereby assigned to and vested in the following named person in the following proportion or part:

"1. Cosette Snedeger, 100%." [Emphasis supplied.]

No specific mention was made in the decree of the promissory notes here in issue.

Defendants demurred to the amended petition on the grounds that plaintiff had no legal capacity to sue and the district court had no jurisdiction of the subject matter of the action. On this appeal from the overruling of the demurrer defendants maintain ownership of the promissory notes was not dealt with specifically by the probate court in its decree of descent and therefore plaintiff could not and did not acquire title to them by reason of the descent proceedings. Defendants then assert title to all choses in action belongs to the estate of a decedent and actions on such choses must be brought by an administrator or executor and cannot be brought by an heir or distributee. They maintain further that probate courts have exclusive original jurisdiction of all matters pertaining to the settlement and distribution of a decedent's estate and as a consequence the district court has no jurisdiction to deal with the issue of ownership of the notes here in suit.

We cannot accept defendants' contentions. The pertinent portions of G. S. 1949, 60-705, which sets forth the grounds for demurrer to a petition, are as follows:

"The defendant may demur to the petition *only when it appears on its face,* either: *First,* that the court has no jurisdiction of the person of the defendant, or the subject of the action. *Second,* that the plaintiff has no legal capacity to sue." [Emphasis supplied.]

This court has repeatedly held, in support of the clear language of the statute, that in order to render a petition demurrable on any statutory ground the defect must appear on the face of the petition. (*Ables v. City of Topeka,* 180 Kan. 204, 206, 303 P. 2d 177; *Houston Lumber Co. v. Morris,* 179 Kan. 564, 297 P. 2d 165; *Kendall v. Elliot,* 177 Kan. 630, 281 P. 2d 1088; *Lorey v. Cox,* 175 Kan. 66, 259 P. 2d 194, and cases cited therein.)

Statutory authority for decrees of descent is found in G. S. 1949, 59-2250 *et seq.* Section 59-2250 provides for proceedings to determine the descent of property of persons dead more than one year, where no will has been admitted to probate and no administration has been had. Section 59-2251 provides the property shall be assigned to the persons entitled thereto at the time of the decedent's death pursuant to the law of intestate succession. Here, on its face, the decree of descent was in accordance with the statutory terms and vested title in the plaintiff to *all* of the real estate and personal property within the state owned by the decedent at the time of her

death, whether the property was listed specifically or not. The notes in suit were admittedly the property of decedent at the time of her death. We cannot go beyond the clear words of the decree.

It is stated in 3 Bartlett Kan. Prob., Rev. Ed., § 1356, pp. 232, 233:

". . . The decree of descent does not create title; it merely declares who has acquired the title of the decedent. The function of the decree is to declare the title which accrues under the law of intestate succession. It releases the title of the heirs from the conditions of administration, and furnishes the heirs with legal evidence to establish title. The decree cannot originate title, but only releases it to the heirs from the condition of administration to which it was subject, and furnishes the heirs legal evidence of such release. While the decree does not create the title, it is an adjudication as to who acquired the title of the decedent, and, if rendered upon due process of law, is final and conclusive upon that question."

We do not question the rules of law set forth in the cases cited by defendants. However, they are not applicable in the instant case, where, in a probate proceeding to determine descent, the decree of the court vested in plaintiff title to all of decedent's property. On the face of the petition it is clear that plaintiff had acquired title to the promissory notes by virtue of a valid order and judgment of the probate court and therefore had legal capacity to sue in the district court. The judgment is affirmed.

It is so ordered.