No. 42,221

RONALD D. SCHRAEDER, an Incompetent, by LOWELL W. SCHRAEDER, Guardian of the Person and Estate of Said Incompetent, *Appellee*, v. SISTERS OF ST. JOSEPH OF WICHITA, KANSAS, a Corporation, *Appellant*.

(357 P. 2d 854)

Opinion filed December 10, 1960.

*William Porter*, of Wichita, argued the cause, and *Getto McDonald, William Tinker, Arthur W. Skaer, Hugh P. Quinn, Alvin D. Herrington, Darrell D. Kellogg* and *Richard T. Foster*, all of Wichita, were with him on the briefs for the appellant.

*Daniel C. Bachmann*, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for personal injuries sustained by plaintiff (appellee) due to the alleged negligence of the defendant (appellant).

To the petition as amended, defendant directed a motion to dismiss on the sole ground that plaintiff had no legal capacity to sue. Defendant asserted in its motion that plaintiff, in a proceeding against his employer (not this defendant) under the workmen's compensation act, had been awarded compensation for the same injuries, and inasmuch as plaintiff failed to bring this action within the time provided by G. S. 1959 Supp., 44-504, the case should be dismissed for want of plaintiff's capacity to maintain the action. Attached to the motion was a certified copy of the award of compensation to plaintiff against his employer, a construction company, for specified injuries received in the accident which occurred just prior to plaintiff's being taken to defendant's hospital, where the negligence and consequential injuries alleged in this action occurred. At the hearing on the motion, defendant introduced a copy of the mentioned award. From an order overruling defendant's motion to dismiss the action, it appeals.

At the outset it may be again stated that G. S. 1949, 60-701 provides that the pleadings in a civil action are the written statements by the parties of the facts constituting their respective claims and defenses. Section 60-703 provides that the only pleadings *allowed* are the petition by the plaintiff, the answer or demurrer by the defendant, the demurrer or reply by the plaintiff and the demurrer by the defendant to the reply of the plaintiff. The motion filed by defendant was not a pleading within the definition of our civil code (section 60-703), and the hearing on the motion was not a trial within the contemplation of our code (*Dole Irrigation Supply v. Knackstedt,* 186 Kan. 143, 348 P. 2d 602). The allegations of new matter in defendant's motion not contained in plaintiff's petition are, if competent (a question we do not determine), matters of defense which must be pleaded by way of answer to join issues for trial. This court does not intend to permit a defendant to contradict the allegations of a petition or to set up defensive matter by way of a motion or a demurrer and in such manner obtain a decision respecting disputed questions of fact before a joinder of issues and a trial upon the merits of the action. This court

will not countenance the trial of issues "piecemeal," if and when the parties choose to raise such issues and whether or not a decision on them would be ultimately necessary. (*Dole Irrigation Supply v. Knackstedt,* supra; *Breidenthal v. Breidenthal,* 182 Kan. 23, 31, 318 P. 2d 981; *Billups v. American Surety Co.,* 170 Kan. 666, 670, 228 P. 2d 731.)

An examination of plaintiff's petition clearly reveals that he had legal capacity to sue for recovery of whatever damages he allegedly sustained by reason of defendant's alleged negligence. We have repeatedly and uniformly held that the overruling of a motion to dismiss an action by the defendant is not a final order and is not one of those orders of the district court from which an appeal lies to the supreme court, until final disposition of the cause in the court below (G. S. 1949, 60-3302 and 60-3303). (*Kansas State Highway Comm. v. Moore,* 166 Kan. 408, 201 P. 2d 652; *In re Estate of Sims,* 182 Kan. 374, 321 P. 2d 185; *Sherk, Administratrix v. Sherk,* 181 Kan. 297, 310 P. 2d 899.) *Elam v. Bruenger,* 165 Kan. 31, 193 P. 2d 225, relied on by defendant, has no application in the instant case. In that case the trial court sustained defendant's motion to dismiss the action, and, of course, it was a final order and appealable.

Defendant would have us construe the motion as a demurrer. This we cannot do. The petition to which the motion was lodged does not disclose that plaintiff received compensation for the injuries alleged to have been caused by defendant's negligence. In order to render a petition demurrable on any statutory ground (G. S. 1949, 60-705), the defect, under our code, must appear upon the face of the petition (G. S. 1949, 60-707). When any of the defects enumerated in section 60-705 do not appear upon the face of the petition, the objection may be taken by answer. We have repeatedly held that a demurrer cannot serve to bring into a petition additional facts which might constitute a defense thereto. In ruling on a demurrer to a petition a court is not justified in reaching out and making additional facts a part of the petition. The inquiry is to be limited to the allegations of the pleading under attack. (*Kendall v. Elliot,* 177 Kan. 630, 281 P. 2d 1088; *Whitaker v. Douglas,* 177 Kan. 154, 157, 277 P. 2d 641; *Babcock v. Dose,* 179 Kan. 298, 301, 293 P. 2d 1007; *Lorey v. Cox,* 175 Kan. 66, 259 P. 2d 194; *In re Estate of Sims,* supra; *Snedeger v. Schrader,* 183 Kan. 725, 332 P. 2d 586.) We stated in the recent case of *Board of Education*

*v. Thompson,* 185 Kan. 620, 347 P. 2d 369, that it is an ancient rule that a demurrer brings before the court only the facts alleged in the pleading to which the demurrer is directed, and the court may not consider any fact not found in the pleading.

We are aware of no case, and none has been cited, in which we have held this particular kind of a motion to be tantamount to a demurrer for the purposes of appeal. The motion to dismiss cannot be construed as a demurrer or regarded as equivalent to a demurrer. If so treated, it must, of course, also concede the facts alleged in the petition. Here, again, there is nothing on the face of the petition to indicate the plaintiff had no legal capacity to sue. The order overruling the motion is not appealable, and inasmuch as the motion is not equivalent to a demurrer this court has no jurisdiction to entertain the appeal. The appeal is dismissed.

It is so ordered.