No. 42,093

W. EDGAR MOORE, *Appellee,* v. THE STATE HIGHWAY COMMISSION OF KANSAS, *Appellant.*

(362 P. 2d 646)

Opinion filed June 10, 1961.

*Charles J. Carroll,* of Topeka, argued the cause, and *William B. Kirkpatrick,* Assistant Attorney General, and *Stanley Taylor,* of Topeka, were with him on the briefs for the appellant.

*Alfred B. Page,* of Topeka, argued the cause, and *Ralph F. Glenn; L. M. Cornish, Jr.; M. D. Bartlow; George D. Wagstaff; Gary L. Rohrer,* and *Allen F. Gerye,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order overruling a demurrer to an amended petition.

The action, for injunctive relief, was commenced in the district court of Shawnee County in December, 1957, by the filing of a petition. Following motions, relating to rulings not here involved, the plaintiff on March 18, 1958, filed his amended petition. The amended petition sets forth sufficient facts to give readers of this opinion a proper understanding of what this case is about. For that reason and because of the disposition to be made of the appeal we feel it is necessary at the outset to quote the allegations of that pleading *in toto.* Omitting caption and signatures it reads:

"Comes now the plaintiff and states that:

"He is a resident of Johnson County, Kansas, with his true place of residence and correct post office address at 517 East Loula, Olathe, Kansas.

"The defendant (The State Highway Commission) is a body corporate, created and existing under the laws of the state of Kansas, with its principal place of business in Topeka, Kansas.

"Prior to September 30, 1949, plaintiff was the owner in fee simple of the following described real estate consisting of approximately 66 acres situated in Johnson County, Kansas, to wit:

" 'All of the North One-Half (½) of the Northeast Quarter (¼) of Section 30-13-24 lying East of the Kansas City, Ft. Scott and Memphis Railroad right-of-way.'

"On September 30, 1949 the defendant highway commission instituted a condemnation proceeding in the District Court of Johnson County, Kansas in which the west 9.10 acres of the above described real estate were taken by defendant for highway purposes. The property so taken is described as follows:

(Here follows description of the tract which is located in Johnson County, Kansas.)

"Plaintiff is now and has been for many years last past the owner in fee simple of all the property first above described, less the 9.10 acres taken by the defendant as aforesaid, and none of said land is located within the corporate limits of a city or town.

"Said condemnation proceedings are fully set out in case No. 18188 in the District Court of Johnson County, Kansas, and the files thereof are hereby made a part hereof by reference in order to avoid voluminous pleading. A true and correct copy of the petition filed by the defendant in said case and the order of the court appointing appraisers is attached hereto and made a part hereof.

"Immediately following said acquisition, defendant constructed a highway upon said land which is known and designated as U. S. Highway No. 50S. Plaintiff's land abuts said highway for a distance of more than 1450 feet. Plaintiff's land was not adjacent to U. S. Highway 50S prior to September 30, 1949, although plaintiff had access thereto by a county section road which ran in front of his land and into said highway.

"Since the construction of said Highway 50S, plaintiff has had direct access thereto at all times from any point on his land which abuts said highway as aforesaid. Plaintiff has also had direct access by means of a section line road abutting his property.

"Defendant now improperly and unlawfully refuses to permit plaintiff such direct access upon said highway and plaintiff is now required to employ a circuitous route and to travel a considerable distance in order to reach points designated by defendant from time to time for access upon said highway. This has and will continue to cause plaintiff great and irreparable harm, damage and inconvenience which is not suffered by the general public and for which plaintiff has no adequate remedy at law.

"Plaintiff has a common law right of access onto said highway at any point thereon where his land abuts said highway, subject to compliance with reasonable and lawful regulations pertaining to entrances as promulgated by defendant. Plaintiff's right of access onto and off of said highway is a valuable property right which cannot be taken from him by defendant except by eminent domain and the payment of just compensation.

"Defendant has not acquired or attempted to acquire plaintiff's right of access by gift, devise, purchase or condemnation and has paid no compensation therefor.

"At the time of said condemnation in 1949 defendant was not authorized by law to take the access rights of plaintiff and the legislature did not vest defendant with such power and authority until it enacted the Controlled Access in 1953. Said act is 1953 Supp., 68-1901, *et seq.*, which is still in full force and effect.

"The allegations contained in paragraphs 5, 5a, 5b and 5c of defendant's 1949 petition are of record in Johnson County, Kansas, and appear upon the abstract of the plaintiff, and constitute a cloud upon plaintiff's title to his land above described.

"As a result of the acts of defendant there has been and will continue to be a taking of property and property rights from this plaintiff by defendant without due process of law; and this plaintiff has suffered and will continue to suffer special and peculiar damages, for which he has no adequate remedy at law; and plaintiff is entitled to relief in equity and an order should be entered by this court permanently enjoining the defendant from preventing or obstructing this plaintiff from free and direct access to said U. S. Highway No. 50S until such time as the said property rights owned by this plaintiff are acquired by said defendant as provided by law.

"WHEREFORE, plaintiff prays that an injunction be issued by this court perpetually enjoining the defendant from taking, obstructing, limiting, controlling or interfering with plaintiff's right of access from his land onto U. S. Highway No. 50S until such time as said property right is acquired by defendant as provided by law; that an order issue forthwith ordering and directing said defendant to appear and show cause why said injunction should not be issued; and that the plaintiff recover his costs herein and have all other proper relief."

In passing it is important to note that, aside from the allegations heretofore quoted from the amended petition, the exhibits attached to such pleading were limited and restricted to copies of the petition and the order of the court appointing appraisers in the eminent domain proceeding, therein referred to as Case No. 18188 in the District Court of Johnson County.

What followed the filing of the amended petition and the filing of the instant demurrer, although such matters are not subject to appellate review, are important from an informative standpoint and may be stated thus:

Shortly after the amended petition (hereinafter referred to as the petition) was filed, the defendant demurred thereto on the ground it did not state facts sufficient to constitute a cause of action. Two months later this demurrer was overruled. Thereupon defendant's request for additional time in which to plead and file its answer to the petition was granted. Subsequently an answer was filed which set out in full and complete detail the defenses on which the defendant relied. Plaintiff on September 4, 1958, filed his reply to the answer. Some sixteen months after joinder of issues as indicated, to be exact on January 20, 1960, defendant filed a motion for judgment on the pleadings which was overruled.

We come now to the particular events giving rise to this appeal. These, we believe, should be related in accord with views expressed by defendant's own counsel in their abstract and brief, where it is said:

"Because it was felt that many of the issues in the instant case were determined by the case of *Riddle v. State Highway Commission*, 184 Kan. 603,

decided by this Court on May 16, 1959, the Commission obtained leave of Court and consent of counsel for the landowner to file a motion to withdraw its answer and refile a demurrer to the amended petition on March 16, 1960.

"The demurrer was on the grounds the Court had no jurisdiction of the subject of the action; that all matters complained of had been decided by the District Court of Johnson County in 1957 and no appeal had been taken from such judgment or could now be taken, and that the petition did not state sufficient facts to constitute a cause of action by the owner against the commission.

"This demurrer was likewise overruled by the Court on March 16, 1960.

"Thereupon the State Highway Commission perfected an appeal on April 19, 1960, to this Court from the order overruling its demurrer to the amended petition."

Before any consideration can be given to questions raised and argued pertaining to this appeal it becomes necessary to direct attention to the record presented and relied on by the parties in support of their respective positions regarding the propriety of the trial court's ruling on the demurrer.

Wholly ignoring the provisions of our statute (G. S. 1949, 60-705), that the defendant may demur to the petition only when it appears from the face of that pleading that one of the defects therein specified exists, and the requirements of G. S. 1949, 60-707, that when any of such defects do not appear upon the face of the petition any objection to such pleading must be taken by answer, defendant's abstract, and for that matter the plaintiff's counter abstract, are replete with references to extraneous facts and other matters which do not appear upon the face of the petition or in the exhibits attached thereto.

With respect to the subject just mentioned it is to be noted defendant's abstract (1) contains a quotation in full of what purports to be the publication notice in Case No. 18188 of Johnson County, Kansas, and makes references to the nature and extent of the award made by the appraisers in that case; (2) refers to a purported appeal, from the condemnation award in Case No. 18188, which appears to have been filed in 1957 and docketed as Case No. 18316 in the District Court of Johnson County; (3) sets forth at great length evidence adduced in Case No. 18316, including aerial photographs of plaintiff's land and the surrounding territory as it existed at the time of the trial of that case; and (4) gives its version of the force and effect of the judgment rendered in Case No. 18316, as well as subsequent activities of the parties in connection therewith.

Touching the same subject it may be stated that, not to be outdone with respect to the injection of extraneous matters into the

appeal, plaintiff's counter abstract is devoted exclusively to a quotation in full of the Instructions given by the court in Case No. 18316 of the District Court of Johnson County and an expression of his views as to claims made in defendant's abstract respecting the status of the judgment rendered in such action.

Having directed attention to the state of the record presented it may now be said that all of defendant's claims of error regarding the overruling of its demurrer to the petition, as well as claims made by the plaintiff in support of such ruling, are interlarded with lengthy arguments respecting the force and effect to be given the facts and other matters to which we have heretofore referred as extraneous to the appellate issues involved because they do not appear upon the face of the petition or on the face of the exhibits attached thereto.

Indeed in the face of the record presented, and after careful examination and consideration of all contentions advanced by the defendant in its brief and on oral argument in which facts not appearing on the face of the petition are presented and relied on as sustaining its position, we are convinced that to dispose of the questions raised by this appeal, respecting the propriety of the trial court's ruling on the demurrer, would require this court to reach out and make additional facts a part of the petition.

In this jurisdiction the rule, universal in its application, is that a demurrer will reach only facts appearing on the face of the petition demurred to and that in ruling on the demurrer a court is not justified in reaching out and making additional facts a part of the pleading against which the demurrer is lodged.

Another rule, equally well-established and just as frequently applied, is that if additional facts are necessary for the court to consider in passing upon a question of law and are not contained in the petition, a defendant must answer and allege the pertinent and necessary facts which he believes constitute a defense to that pleading.

For just a few of our decisions where the foregoing rules have been stated, considered and applied see *Schraeder v. Sisters of St. Joseph*, 187 Kan. 509, 357 P. 2d 854; *Board of Education v. Thompson*, 185 Kan. 620, 622, 347 P. 2d 369; *Robinson v. Muller*, 181 Kan. 150, 153, 309 P. 2d 651; *Anderson Cattle Co. v. Kansas Turnpike Authority*, 180 Kan. 749, 752, 308 P. 2d 172; *Ables v. City of Topeka*, 180 Kan. 204, 206, 303 P. 2d 177; *Force v. Bates*, 177 Kan. 438, 441,

280 P. 2d 584; *Wahl v. Walsh,* 177 Kan. 176, 178, 277 P. 2d 623; *Whitaker v. Douglas,* 177 Kan. 154, 157, 277 P. 2d 641; *Southard v. Mutual Benefit Health & Accident Ass'n,* 177 Kan. 26, 28, 276 P. 2d 299; *Lorey v. Cox,* 175 Kan. 66, 67, 259 P. 2d 194; *Lee v. Beuttel,* 170 Kan. 54, 56, 223 P. 2d 692.

Here, as we have seen, the defendant relies on facts other than those appearing on the face of the petition and the exhibits attached thereto as sustaining and establishing the claims advanced by it to the effect the demurrer should have been sustained on all grounds therein set forth. Therefore, since, under the rules to which we have heretofore referred, those facts are not entitled to consideration in ruling on the demurrer we are constrained to refrain from passing on the force and effect to be given them until, and unless, they are pleaded by defendant in an answer, as constituting a defense to the petition on questions of law raised by the demurrer.

What has been heretofore stated and held is sufficient to dispose of the involved phase of this lawsuit. However, in conclusion it should perhaps be stated that, when reviewed in the light of the record presented, we have no difficulty in concluding that defendant has failed to make it affirmatively appear that the trial court erred in overruling the demurrer to the petition. Therefore the instant appeal is affirmed on that basis and the case is remanded to the district court with directions to permit the defendant to join issues on the merits of the cause by an appropriate answer and then proceed with the trial of the case.

It is so ordered.